|  |  |
|---|---|
| 22 | 41 |
| 141 | 423 |

# Larimer's Appeal.

1. The sheriff made a special return in favor of the lien of a purchaser at his sale, in pursuance of the Act of 20th April, 1846, and exceptions to it were taken by a creditor, which on reference to an auditor were ascertained to be unfounded: *Held*, that the party excepting ought to pay *the costs of the audit* unless he satisfied the Court that he had probable cause to object to the return.

2. The sheriff's return was in favor of the holder of a mortgage for the purchase-money, the sale having been under a judgment on one of the notes secured by the mortgage: *Held*, that the circumstance that the other notes secured by the mortgage were not due at the time of the sale furnished no probable ground for disputing the right of the mortgagee to the money.

3. A judgment, entered *after the recording of a mortgage* for purchase-money, acquires no priority over the mortgage by reason of its entry before the judgment on the bond or notes secured by the mortgage.

APPEAL from the decree of the District Court of *Allegheny county*.

William Larimer, junior, by deed dated April 1, 1848, conveyed certain real estate to M. & J. Breidenthal, and took their promissory notes for the purchase-money, secured by mortgage of the premises sold. "*The mortgage was duly recorded.*

On 11th June, 1851, Haigh, Hartupee & Co. obtained a judgment against M. & J. Breidenthal for $1776.97. On same day, a *fi. fa.* was issued, under which certain personal property was sold; and an *alias fi. fa.* was issued, on which the premises sold by Larimer were levied on. Those premises were sold on 21st January, 1852, and were purchased by Haigh, Hartupee & Co., for $2100. The sheriff made a special return that he had applied to the judgment of Haigh, Hartupee & Co. sufficient to pay it; and that there remained in his hands $215.83, which was paid into Court. To this return exception was filed on part of H. Breidenthal; and after the report of an auditor, the Court ordered the money to be refunded, or the premises to be resold.

During these proceedings, viz. on June 8, 1852, Larimer obtained a judgment against M. & J. Breidenthal on one or more of his promissory notes secured by the mortgage. The mortgage was not then suable, and would not be for about two years or more.

On the judgment of Larimer a *vend. exp.* issued. An *al. vend.*

*exp.* also issued on the judgment of Haigh and others. The property was sold under both writs, and Larimer became the purchaser at $5000. The amount of his mortgage or claim was not stated on the paper-book, but it was stated that the sheriff made a special return under the Act of 20th April, 1846, that he had sold the property to William Larimer, the plaintiff in the execution, for $5000, and it appearing from the lists of liens that he was entitled to the proceeds of sale, and he having paid the costs, the sheriff took his receipt for the residue of the purchase-money in pursuance of the Act of Assembly.

To this return exception was taken on the part of Haigh & Co. An auditor was appointed, who reported that the return of the sheriff was correct, and "that the auditor's fees and expenses, amounting to $58, be paid out of the fund for distribution." To this report, as respected the charge of the auditor and expenses, exception, on part of Larimer, was filed. The Court overruled the exception and confirmed the report; and from such decree appeal was taken on part of Larimer, the mortgagee.

*Mellon* and *Negly*, for appellant.—It was not denied that in Chancery practice, the Court had a certain discretionary power as to costs, but it was said that this was *a legal* discretion, and that in equity practice, such decree was subject to revision on appeal: 3 *Daniels' Ch. Pr.* 54. The rule of the civil law, *victus victori in expensis condemnatus est,* is the general rule in the Court of Chancery as well as in Courts of law, at least to the extent of throwing it upon the failing party to show the existence of circumstances to displace *the primâ facie claim to costs* given, by success, to the party who prevails: 3 *Dan. Ch. Pr.* 6.

*Rogers* and *Barton*, for appellees.—It was said that the judgment of Haigh & Co. was obtained a year before that of Larimer; and that it did not appear previous to the hearing before the auditor, that the judgment of Larimer was on a note secured by the mortgage: that, thus, there was probable cause for resisting the appropriation made by the sheriff.

The opinion of the Court was delivered, September 22, 1853, by

LEWIS, J.—Where a sheriff makes a special return in favor of the lien of a purchaser at his sale, in pursuance of the act of 20th April, 1846, and exceptions are taken to it by a creditor, which, on reference to an auditor, are ascertained to be unfounded, the party excepting ought to pay the costs of the audit, unless he satisfies the court that he had probable cause to object to the return.

Where the sheriff's return was in favor of the holder of a mort-

[Larimer's Appeal.]

gage for the purchase-money, and the sale was under a judgment on one of the notes secured by the mortgage, the circumstance that the other notes secured by the mortgage were not due at the time of the sale furnishes no probable ground for disputing the mortgagee's right to the money. This question had been fully settled long before it was again presented for decision in the present case. It had also been settled long before these exceptions were filed, that a judgment entered after the recording of a mortgage acquired no priority over the mortgage by reason of being entered before the judgment on the bond secured by the mortgage.

In this case there had been a previous sale to the party excepting, and an investigation of the facts upon which that sale was set aside because the purchasers were not entitled to the money on their judgment and refused to pay it into court for the benefit of the rightful claimant. Under such circumstances, their subsequent litigation of the question was altogether indefensible. It is true they had a right to be heard again, if they desired it; but it is unreasonable in them to expect to enjoy the luxury of litigation at the expense of others.

The special circumstances of this case are strongly against the party excepting to the last return of the sheriff; but we do not put the case upon them. On the contrary, we put the decision upon the general rule, that, in such a contest, the losing party ought to pay the costs, unless he can show clearly that there were special circumstances to create probable cause for disputing his adversary's claim. It is the interest of the public and the duty of the court to discourage all unnecessary litigation. The imposition of the costs upon the party found to be in the wrong promotes that result, and the rule should be strictly adhered to.

> Decree reversed, so far as it directs the payment of the costs out of the fund, and decreed that Haig's Hartupee & Co. pay the costs of the audit.