## JAC. SANSENBACHER v. HEN. SCHICKENDANTZ.

APPEAL BY IDA SCHICKENDANTZ FROM THE COURT OF COMMON PLEAS NO. 4 OF PHILADELPHIA COUNTY.

Argued March 24, 1891—Decided April 6, 1891.
[To be reported.]

1. When exceptions to a special return of the sheriff under the act of April 20, 1846, P. L. 411, are ascertained on reference to an auditor to be unfounded, but special circumstances existed affording probable cause for excepting to the return, the costs of audit should not be imposed on the exceptant, but are properly paid out of the fund arising from the sale: Larimer's App., 22 Pa. 41, followed: Hamnett's App., 72 Pa. 337, distinguished.
2. If, however, by affidavit setting forth specifically material facts in dispute, the exceptant should put himself formally upon the record as a

responsible party to a feigned issue to determine those facts,* the costs would follow the verdict; the provision of the interpleader act, § 9, act of April 10, 1848, P. L. 450, that the costs of feigned issues shall be in the discretion of the court, having no application: Black's App., 106 Pa. 344: Per Mr. Justice CLARK.

Before PAXSON, C. J., STERRETT, GREEN, CLARK and WILLIAMS, JJ.

No. 405 January Term 1887, Sup. Ct.; court below, No. 596 June Term 1883, C. P. No. 4.

On June 25, 1883, Jacob Sansenbacher brought assumpsit against Henry Schickendantz. On September 3, 1883, judgment was entered for the plaintiff for $626.83, for want of an affidavit of defence. Under an execution issued upon said judgment, the sheriff sold the real estate of the defendant to Ida Schickendantz, his wife, for $1,105, and on December 15, 1883, filed a special return under the act of April 20, 1846, P. L. 411, setting forth that the purchaser, Ida Schickendantz, was a lien creditor of the defendant by virtue of a judgment for $3,332, entered August 16, 1883, and as such entitled to the proceeds of sale remaining after the payment of costs and taxes, and that he had taken her receipt therefor on account of her said judgment. On December 19, 1883, Jacob Sansenbacher filed exceptions to the special return, averring that the judgment in favor of Mrs. Schickendantz was fraudulent and collusive. Thereupon, the court appointed *Mr. Henry G. Ward* auditor, to make a report of distribution of the fund arising from the sheriff's sale.

On January 3, 1885, the auditor filed his report. After finding that Mrs. Schickendantz had an estate of her own, consisting of moneys derived from sources other than the estate of her husband, and that at different times she loaned her husband money, the auditor reported further in part as follows:

The petitioner, Jacob Sansenbacher, lives opposite to Mr. Schickendantz, and the two families have been acquainted for many years. He works in a paper store and his wife keeps a little grocery. They have a common purse which she manages entirely. She had deposited their savings in St. John's Church,

---

* See Second N. Bank v. Coal Co., 140 Pa. 628.

Auditor's Report.

at 3½ per cent. Mrs. Sansenbacher testifies that she loaned this money in three instalments to Mr. Schickendantz, and did so out of pity on account of his wife's entreaties. Mrs. Schickendantz says there was no entreaty, and that Mrs. Sansenbacher was glad to make the loan at six per cent, because she was getting less. The undisputed fact, however, is that Mrs. Sansenbacher did lend the money in 1876, without her husband's knowledge, to Mr. Schickendantz, and took his notes for it. . .

When Mr. Sansenbacher was informed of the loan he instantly demanded payment or security. Mr. Schickendantz said he would sell the house, and pay him if he would give him six weeks. Sansenbacher said, "I will give you twelve." Shortly after, however, Mr. Sansenbacher gave the notes to Mr. Gilbough, president of the bank at Seventh and Girard Avenue, who put the notes in the hands of J. A. Reed, Esq., who sent for Mr. Schickendantz. Mr. Schickendantz went at once to the place where Mr. Sansenbacher worked, and offered to give a judgment note at one or two years. Mr. Sansenbacher said he would see about it. Immediately after, he learned from Mr. Reed that Mr. Schickendantz had confessed a judgment in favor of his son Henry for $1,700. Mr. Reed, the counsel, then went to Mr. Schickendantz with a judgment note payable one day after date, which Mr. Schickendantz signed. It was then handed to his son Frank to sign as a witness. At this juncture, Mrs. Schickendantz put her head in the room and said, "You had better read what you are signing;" and Frank seeing the note was at one day after date tore it up. . . . .

Mr. Schickendantz and his son Henry explained that the reason that the judgment for $1,700 was confessed was to enable him to borrow upon it and pay off Mr. Sansenbacher. And they produced a witness by the name of Librado Burgia, a medical student in West Philadelphia, with whom Henry was acquainted and to whom it had been offered. The plan was certainly a stupid one, but the auditor believes that they testify truly about it. Their sole anxiety at this time was to settle Mr. Sansenbacher's claim, and if they had been wishing to cut it out they would have confessed a judgment to Mrs. Schickendantz.

Mrs. Schickendantz, after Mr. Sansenbacher had begun suit to compel payment of his loan, sent for a young man named

Auditor's Report.

Florent DeBar, with whose mother she had been long acquainted, and who was then in Mr. Sparhawk's office. She told him the amount her husband owed her, and he filled up the note directly to her for $3,332, which, with interest, was not too large for the amount it is testified she loaned, viz.: $1,000 in 1860 and $600 in 1864, though it is not clear how this sum was arrived at. Mr. Schickendantz then signed it; Henry satisfied the judgment for $1,700 confessed to him, and DeBar entered up the judgment for $3,332, in Mr. Sparhawk's name as attorney, he being out of town.

As Mr. Schickendantz never made any special agreement about these advances and got the benefit of them in the way of maintenance, no interest should have been added: Hamill's. App., 88 Pa. 363. The judgment must be treated as $1,800. The computation of interest is no evidence of fraud.

The act of April 15, 1851, § 22, P. L. 675, provides that a married woman may loan money to her husband and take as security his judgment or mortgage to some third person for her use. It should not invalidate such a security to make it directly to the wife. If necessary for suit, or otherwise, the court would no doubt appoint a trustee to protect the wife's interest. But in this case, there has been no suit upon the judgment, and it has acted and been treated merely as a lien in her favor.

The question before the auditor is the disposition of the fund produced by the sheriff's sale. It is true that no fund is actually in court, but the proceedings are to be exactly as if there were. And the costs of the distribution should be paid out of the fund, unless the exceptions were taken without probable cause, and for that reason the costs should be charged upon the party excepting: Larimer's App., 22 Pa. 41. Now, having reference to the judgment confessed by Mr. Schickendantz to Henry for $1,700; the large amount of the judgment confessed to his wife; the very moderate circumstances of the family; the circumstances connected with tearing up the judgment note that had been brought by Mr. Reed; the fact that the judgment was confessed to Mrs. Schickendantz shortly after his own suit was instituted, Mr. Sansenbacher cannot be said to have acted without probable cause.

The auditor finds the following conclusions of law:

Arguments.

1. That Mrs. Schickendantz has sustained the validity of her judgment, which is not affected by the lapse of time as the defendant does not set up the statute, and the exceptions to the return should be dismissed.

2. That the costs of this proceeding should be paid out-of the fund, and the balance awarded to Ida Schickendantz on account of her judgment, which is to be reduced to $1,800.

—To the foregoing report, Mrs. Schickendantz filed exceptions, specifying that the auditor erred:

1. In awarding that the costs of audit should be paid out of the fund, there being no fund in court.[1]

2. In not awarding and directing that the costs of audit should be paid by Jacob Sansenbacher, at whose instance the proceedings before the auditor were had.[2]

—After argument, the court, on March 18, 1885, without opinion filed, dismissed the exceptions and confirmed the report of the auditor; whereupon Ida Schickendantz took this appeal, assigning for error:

1, 2. The dismissal of appellant's exceptions.[1] [2]

*Mr. John Sparhawk, Jr.*, for the appellant:

1. The costs should be paid by the losing party, at whose instance the auditor was appointed. Whether a case arising under § 2, act of April 20, 1846, P. L. 411, shall be sent in the first instance to an auditor or to a jury, rests with the court: White v. Lucas, 4 Phila. 30; and if a feigned issue had been framed in this case and sent to a jury, the costs would have followed the verdict: Black's App., 106 Pa. 344. The theory of the auditor seems to have been that this was a proceeding in equity and that the matter of costs was within the auditor's discretion, but such is not the case. The proceeding was practically the determination of an issue as to the bona fides of the judgment of Mrs. Schickendantz.

2. It does not follow from the fact that it was before an auditor, that the parties should be relegated to a rule respecting the payment of costs peculiar to other modes of procedure. The party at whose instance the auditor was appointed is liable for the costs, there being a plain distinction between a proceeding at law, such as this, and one in equity: St. Joseph's Orphan Asylum's App., 38 Pa. 537. But, even if the imposi-

tion of costs were discretionary, the appellant, having sustained her judgment, should not be compelled to pay the expense of proceedings instituted by an opponent, which failed and were based upon charges of fraud and collusion not sustained by the evidence.

There was no appearance for the appellee.

OPINION, MR. JUSTICE CLARK:

The judgment of Ida Schickendantz against her husband, Henry Schickendantz, was entered August 16, 1883, for $3,332. Jacob Sansenbacher's judgment for $626.83, upon which the defendant's real estate was sold, was entered September 3, 1883. The property was purchased by Ida Schickendantz for $1,105, which was insufficient to pay her own judgment. She receipted the sheriff for the amount of the bid less the legal costs of sale, and the sheriff made a special return under the first and second sections of the act of April 20, 1846, P. L. 411. On the reading of the writ in open court Sansenbacher filed exceptions, disputing the right of the purchaser to apply the bid to her judgment, and an auditor was thereupon appointed to distribute the proceeds of the sale, as directed by the above-recited act. The auditor sustained the validity of Mrs. Schickendantz's judgment, and dismissed the exceptions, but he found that circumstances attending the various transactions were such that Sansenbacher had probable cause to object to the return, and upon that ground allowed the costs of the audit to be paid out of the fund. The Common Pleas confirmed the report of the auditor, and the error assigned is the allowance of the costs out of the fund.

In Larimer's App., 22 Pa. 41, it was held that when a sheriff makes a special return in favor of the lien of a purchaser at his sale, in pursuance of the act of April 20, 1846, and exceptions are taken to it by a creditor, which on reference to an auditor are ascertained to be unfounded, the party excepting ought to pay the costs of the audit unless he satisfies the court that he had probable cause to object to the return. " We put the decision," says this court in the case cited, " upon the general rule that in such a contest the losing party ought to pay the costs, unless he can show clearly that there were special circum-

stances to create probable cause for disputing his adversary's claim."

That such circumstances existed in this case is clear: the auditor states them fully in his report, and it is not necessary that we should discuss them at length here. Sansenbacher was a judgment creditor, and was interested in the distribution of the money. He had a right in good faith and for a proper purpose to ask for the appointment of an auditor. The first lien creditor was the defendant's wife : her judgment was entered only a few days before the sale ; it was entered by confession upon a judgment note of very recent date ; and, although the parties were in very moderate circumstances, the judgment was for a very large amount, an amount much exceeding the value of the property. The loan from Sansenbacher was made with the knowledge if not at the request of Mrs. Schickendantz, and there was no intimation given of, nor had Sansenbacher any reason to suspect the existence of this large debt. When Sansenbacher left his claim with Mr. Reed for collection, and Mr. Reed notified Shickendantz of the fact, the latter promptly confessed a judgment to his son Henry for $1,700, which judgment was satisfied when that of the mother was entered.

Under these circumstances, certainly Sansenbacher had a right to be present at the audit, to exhibit his claim and to ascertain, if he could, in a legal manner, the merits of Mrs. Schickendantz's claim ; to inquire whether it was a judgment confessed in good faith, and what payments if any had been made ; and he might, if he chose, call witnesses to that end. This was the purpose of the audit: all judgment or lien creditors were invited to attend, and present their claims ; and, acting in good faith and upon probable cause, they had a right to be heard at the expense of the fund.

But if Sansenbacher, by affidavit setting forth specifically material facts in dispute, as provided by the act of 1846, had put himself formally upon the record as a responsible party to a feigned issue to determine those facts, the costs, under the rulings in Black's App., 106 Pa. 344, would of course follow the verdict. When such an issue of fact is made up, it is like any other issue presented by the pleadings in an action at law, and subject to the same rules of practice as to trial, judgment, and all the incidents thereof. The provisions of the act of

Opinion of the Court.

April 10, 1848, P. L. 448, known as the sheriff's interpleader act, providing that the costs of all such proceedings shall be in the discretion of the court, as remarked by our Brother STERRETT, who delivered the opinion in Black's Appeal, have no application whatever to other feigned issues directed by the court for the purpose of determining questions of fact according to the course of the common law.

Hamnett's App., 72 Pa. 337, was a case which arose in the District Court of Allegheny county, upon the distribution of the proceeds of a sheriff's sale of the real estate of John C. Smith and Adaline Smith, his wife, upon a mortgage. The sheriff made a special return. Hamnett & Sons, who were creditors of the husband, filed exceptions, and an auditor was appointed. At the hearing, the exceptants attempted to show that, although the written title was in the wife's name, the husband had an equitable interest in the land. The auditor reported against the exceptants, but, upon the ground that they had proceeded upon probable cause, he allowed the costs out of the fund. The exceptants, however, had the report referred back to the auditor, but they gave no further evidence, and the auditor thereupon charged them with the costs of the second audit. The District Court, upon due consideration, decreed that Hamnett & Sons should pay all the costs of the audit, and this court, upon appeal, affirmed the decree. Mr. Justice SHARSWOOD, in the opinion filed, said: "It may be that the costs of the first audit, if the matter had rested there, ought not to have been put upon the appellants, but they renewed their claim with full knowledge of the facts, upon the second audit. It was agreed that the testimony taken upon the first audit should be received and used on the second. Under these circumstances, we think that the order by the court below, that the appellants should pay the costs of the audit, was right."

This case recognizes the general doctrine set forth in Larimer's Appeal, supra, and we think that is the true rule.

The decree of the Common Pleas is affirmed, and the appeal dismissed at the cost of the appellant.