## Lusk's Estate.   Dull's Appeal.

*Costs of audit—Discretion of court.*

The disposition of the costs of an audit in the orphans' court is largely in the discretion of the court, and will not be reversed except for clear abuse of discretion.

Argued May 31, 1892.   Appeal, No. 8, May T., 1892, by James J. Dull, executor of Andrew P. Lusk, deceased, from decree of O. C. Dauphin Co., placing costs of audit on distribution on estate.   Before PAXSON, C. J., STERRETT, GREEN, WILLIAMS, McCOLLUM, MITCHELL and HEYDRICK, JJ.

The facts appear by the opinion of the Supreme Court.

The auditors, H. M. Graydon and George J. Kunkle, differed as to the proper disposition to make of the costs, and, as the appointment was made at the instance of the accountant, placed them upon the estate.   The accountant excepted.   The court, SIMONTON, P. J., dismissed the exception and confirmed the report.

*Error assigned*, *inter alia*, was this disposition of the costs.

*Samuel J. M. McCarrell*, with him *B. F. Etter* and *Casper Dull*, for appellants.

*Leoni Melick*, with him *John Sparhawk, Jr.*, *Sheldon Potter* and *F. Carroll Brewster*, for appellees.

PER CURIAM, July 13, 1892.

The second and third specifications allege that the court below erred in holding that the alleged widow was a competent witness to prove that she was lawfully married to Andrew P. Lusk, the decedent.   It appears that one Jennie E. Stoner appeared before the auditor appointed to make distribution of the estate, and claimed to be the widow of said decedent, and as such widow entitled to her share or interest in his estate.   It

was in support of this claim that she was permitted to testify. As both the auditor and the learned court rejected her claim, and held her not to have been the wife of the decedent, and consequently not·his widow, the question of her competency as a witness does not arise in the case as now presented.   We have quite enough to do in disposing of real questions without discussing abstract propositions, however important and interesting to the profession they may happen to be.

This appeal was taken by the administrator from the decree in regard to the costs.   The auditor and the court below held that, in making distribution, the costs must be deducted from the fund.   This is the general rule in regard to the costs of audits in the orphans' court, yet it is by no means an inflexible one.   There is no reason why a party who has presented an unfounded claim in that court should not pay the costs of his unsuccessful litigation, as well as in proceedings at law.   As a general rule, however, it would be inconvenient, if not impracticable, and is seldom observed.   In most estates an auditor is appointed to make distribution, and the expenses thereof must be borne by the estate, as they are for its benefit.   In the present case the costs were largely increased by the investigation of the alleged claim of the widow, and if the court below had placed a considerable portion of the costs upon her we would not have disturbed their ruling.   It has been repeatedly held, however, so often as not to need the citation of authority, that the costs in such cases are largely in the discretion of the orphans' court.   It is only for a clear abuse of discretion that we would reverse.   In this instance, both the auditor and the court concur in placing the costs upon the estate.   They had the parties, the witnesses, and all the facts before them.   The question of costs sometimes depends upon certain equities, which may, or may not appear so clearly to this court as they did to the auditor and the court below, who have better opportunities of observation in this respect.

The decree is affirmed and the appeal dismissed at the costs of the appellant.