## Fieser's Estate.

*Appeal—Costs—Discretion of court.*

There is no fixed rule which controls the apportionment of cost arising from an audit of an executor's account to which exceptions have been filed.

Where the auditor's report and the testimony are not before the appellate court, it is not in a position to say that the court below erred in its disposition as to costs.

Argued Nov. 12, 1900. Appeal, No. 215, Oct. T., 1899, by William Smith, from definitive decree of O. C. Lancaster Co., dismissing exceptions to report of auditor, and confirming said report, in the matter of the distribution of the estate of Mary Fieser, deceased. Before RICE, P. J., BEAVER, ORLADY, W. W. PORTER and W. D. PORTER, JJ. Affirmed. Per Curiam.

Exceptions to auditor's report. Before LIVINGSTON, P. J.

It appears from the record that the executor's account showed credits taken by him amounting to $175.07, making a balance in his favor and against the estate of $28.68. Exceptions were filed to this account by the appellant to the credit of $75.00, which the accountant had taken for an alleged payment to his wife for nursing the testatrix. The accountant is also charged with having received more money than he accounted for. The auditor sustained the exception to the credit of $75.00, and surcharged the accountant with that sum and imposed the costs of the audit, amounting to $43.00, on the fund in hand.

The court entered the following decree:

[An examination of the account, testimony, documents presented and authorities cited, satisfies the court that the learned auditor has not erred with reference to the matters complained of by the exceptants. The exceptions are therefore dismissed, and the report of the auditor absolutely confirmed by the court.] [1]

*Error assigned* was in entering decree, reciting same.                    :

*E. D. Reilly,* for appellant.—The chief exception in this case

was to a credit of $75.00, and the auditor surcharged the accountant with it, but placed the costs of the audit upon the fund. It is to the interest of the public and the duty of the courts to discourage all unnecessary litigation. The imposition of the costs upon the parties found to be wrong promotes that result. Out of this has grown the general rule, that in the matter of audits, the losing party ought to pay the costs, unless he can show clearly that there were special circumstances to create probable cause for disputing an adversary's claim. This principle is sustained in Larimer's Appeal, 22 Pa. 41, Bedell's Appeal, 87 Pa. 510, and Carstairs v. Haggerty, 21 W. N. C. 558.

Where an executor presents an administration account to the orphans' court, which exhibits a balance in his favor, but which, being referred to auditors, they report, exhibiting a balance against the accountant, he, and not the heirs, should be charged with the expense of such reference: Sterrett's Appeal, 2 P. & W. 419; Price's Estate, 81 Pa. 263; Martin's Appeal, 23 Pa. 433; McClintock's Appeal, 71 Pa. 365.

When exceptions filed are sustained, the accountant will be charged with the costs of the audit: Moyer's Estate, 1 Pear. 407.

*John A. Coyle*, of *Coyle & Keller*, for appellee, filed no paper-book.

PER CURIAM, December 10, 1900:

The appellant filed two exceptions to the executor's account: first, that the accountant had not charged himself with all the moneys he received or should have received; second, that he was not entitled to a certain credit amounting to $75.00, which he claimed was due to his wife for services rendered to the testatrix. An auditor was appointed to report on the exceptions and to make distribution. His report sustaining the second exception and overruling the first, and also charging the costs of audit to the fund was confirmed by the court. The complaint is that these costs ought to have been imposed on the accountant. This might have been proper if the audit was rendered necessary by his dereliction exclusively. But that is not this case. The accountant successfully defended against the attempt to

surcharge him, and surely he ought not to be compelled to pay the part of the costs which this exception made necessary. Possibly the court would have been justified in apportioning the costs, but the imposition of the costs of audit upon an accountant is a matter depending largely upon the circumstances of the case. There is no fixed rule of law which controls regardless of the circumstances. Without having before us the auditor's report and the testimony, we are not in a position to say that the court erred in not imposing the whole or part of the costs on the accountant. See Merkel's Estate, 131 Pa. 584.

The decree is affirmed and the appeal dismissed at the costs of the appellant.