# Shadle's Estate (No. 2).

*Decedents' estates—Executors and administrators—Costs:*

Where an auditor is appointed in pursuance of a contest raised by a guardian against an administrator's account, it is no ground for putting the costs upon the guardian merely because the latter refused in good faith the accountant's offer to compromise, and as a result of such refusal the minors got less under the auditor's report than they would have secured under the compromise.

Costs will not be imposed upon an accountant where they were not incurred solely by his dereliction.

The orphans' court being a court of equity is vested with a wide discretion upon the subject of the imposition of costs, and its decrees upon the subject will not be disturbed except for clear error.

Argued March 15, 1905. Appeal, No. 32, March T., 1905, by S. P. Shadle, Administrator, from decree of O. C. Dauphin Co., overruling exceptions to auditor's report in Estate of Gideon Shadle, deceased. Before RICE, P. J., BEAVER, ORLADY, SMITH, PORTER and HENDERSON, JJ. Affirmed.

Exceptions to report of Eugene Snyder, Esq., auditor. Before JACOBS, J.

160, (1906).]    Statement of Facts—Opinion of the Court.

The facts appear by the opinion of the Superior Court and from the report of Shadle's Estate (No. 1) ante, p. 151.

*Error assigned* was the decree of the court.

*Edwin W. Jackson*, with him *Lewis M. Neiffer*, for appellant.

*W. M. Hargest*, of *Hargest & Hargest*, with him *Michael E. Stroup*, for appellee, cited: Moyer's Est., 1 Pear. 407; Fieser's Est., 15 Pa. Superior Ct. 447; Witman's App., 28 Pa. 376; Norris's App., 71 Pa. 106; Tryon v. Miller, 1 Whart. 11; Arthur v. James, 28 Pa. 236; Bascom v. Danville Stove and Mfg. Co., 182 Pa. 427; Stephen's Digest of Law of Evidence, 114; Home Ins. Co. v. Balt. Warehouse Co., 93 U. S. 527.

OPINION BY RICE, P. J., March 12, 1906:

This appeal is from the same decree we have considered in the appeal of David Snyder, guardian, in which we herewith file an opinion. The accountant contended that the costs of the audit should be paid by the exceptant personally. The reason given is, as stated in the assignment of error, that the evidence shows that under the offer of the accountant to compromise in order to avoid costs of an audit before an auditor was appointed, the minor children would have gotten considerable more money than they now get under the auditor's report. We do not regard this of itself as sufficient ground for putting the costs upon the guardian. So far as appears his refusal of the offer of compromise was made in good faith, and he ought not to be punished for his mistake, if mistake there was, merely because it turned out upon final hearing that the acceptance of the offer would have brought his wards more money. Nor, on the other hand, are we willing to accede to the proposition that there was error in not imposing all the costs upon the accountant, for it cannot be successfully asserted that they were incurred solely by reason of his dereliction. The orphans' court, being a court of equity, is vested with a wide discretion upon the subject of the imposition of costs, and its decrees upon the subject will not be disturbed except for clear error. Under all the circumstances we are of

162           SHADLE'S ESTATE (NO. 2).

opinion that the court wisely exercised its discretion in impos-
ing the costs upon the estate.

The decree is affirmed and the appeal dismissed, the costs of
the appeal to be paid by S. P. Shadle.