# Grollman's Estate (No. 2).

*Executors and administrators—Improper conduct of executor— Surcharge—Costs—Abuse of discretion in not charging costs on executor.*

1. Though costs of an audit are usually deducted from the fund for distribution, this is not an inflexible rule, and if it is made to appear that the orphans' court has failed to exercise a reasonable discretion, relief may be granted.

2. Where an executor has caused an unfair valuation to be made of testator's interest in a partnership, and has asserted unfounded claims for services against such partnership, and a large amount of testimony has been taken before an auditor bearing on such matters only, and the claim has been disallowed, and the executor surcharged, it is an abuse of discretion on the part of the orphans' court to impose the costs of the audit on the estate, and not on the executor.

3. There is no reason why a party who presents an unfounded claim in the orphans' court should not be compelled to pay the

costs of his litigation, as does the losing party in proceedings at law. Where it is made to appear the outlays are due solely to his wrong, the burden should be placed upon his shoulders.

Argued March 6, 1922. Appeal, No. 275, Jan. T., 1922, by Bessie Grollman, from decree of O. C. Northampton Co., dismissing exceptions to auditor's report, in estate of Benjamin S. Grollman, deceased. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ. Reversed.

Exceptions to auditor's report. Before STEWART, P. J. The opinion of the Supreme Court states the facts.

Exceptions filed by Bessie Grollman dismissed. Exceptant appealed.

*Error assigned* was decree, quoting it.

*Edward J. Fox*, with him *James W. Fox*, for appellant. —Where an accountant is entirely responsible for the conditions making an audit necessary, he should be surcharged with the costs of audit: Speise's Est., 21 Lancaster L. R. 185; St. Joseph's Orphan Asylum, 38 Pa. 535; Fieser's Est., 15 Pa. Superior Ct. 447.

*Calvin F. Smith*, of *Smith, Paff & Laub*, with him *A. F. Kahn*, for appellee.—The orphans' court may charge the costs on the fund even though the estate is the successful party: Lusk's Est., 150 Pa. 517; McCollough's Est., 26 W. N. C. 398; Harding's Est., 24 Pa. 189; Yoder's App., 45 Pa. 304.

The allowance and imposition of costs in the orphans' court is in the discretion of the court and its orders or decrees will be disturbed only in cases of clear abuse of discretion: Snyder's Est., 18 Pa. Superior Ct. 462.

OPINION BY MR. JUSTICE SADLER, April 17, 1922:

In passing upon a complaint of the executor in this estate, an opinion has been this day filed sustaining the

surcharges made [the preceding case]. A repetition of what was there said as to the facts is unnecessary here. In view of the conclusion reached by the auditor, a request was made that all of the costs be placed upon the accountant. This was overruled, and the exception based thereon was dismissed by the orphans' court. From its refusal to so direct, this appeal was taken.

Though costs of an audit are usually deducted from the fund for distribution, this is not an inflexible rule, and if it is made to appear that the court below has failed to exercise a reasonable discretion, relief may be granted: Lusk's Est., 150 Pa. 517. The orphans' court administers equity, and will consider all the circumstances presented in determining the question: McCullough's Est., 26 W. N. C. 398. Only in case of an abuse of this power will its order be set aside. The whole of the charges will not be placed upon the accountant when the complaints against him are only in part sustained (Merkel's Est., 131 Pa. 584), though there may be an apportionment of the expenses incurred: Fieser's Est., 15 Pa. Superior Ct. 447; Harding's Est., 24 Pa. 189. If the derelictions charged are merely due to clerical errors in the account (Yoder's App., 45 Pa. 394), or even if a surcharge results from facts which show him, however, to be free from negligence or unfaithfulness to his trust (Young's Est., 204 Pa. 32; Roth's Est., 150 Pa. 261), no costs will be imposed upon him.

On the other hand, if the contest before the auditor was rendered necessary solely because of his wrong (Fieser's Est., supra), or is entirely for his benefit (Martin's App., 23 Pa. 433), then the same rule should apply as in the case of suits by other unsuccessful parties: LaBar's Est., 181 Pa. 1; Bedell's App., 87 Pa. 510. The placing of the expenses upon the one found to be in error tends to discourage improper litigation, and should be enforced in appropriate cases: Larimer's App., 22 Pa. 41. When it appears the accountant is attempting to take an undue advantage of the estate for which he acts

(Gable's App., 36 Pa. 395; Sterrett's App., 2 P. & W. 419; Clauser's Est., 84 Pa. 51), and is surcharged as a result (McClintock's App., 71 Pa. 365), it is but proper that he should pay.

The court below was of the opinion that this should not be done in the present case because actual fraud did not appear, but the facts did disclose such misconduct as amply warranted an order that he be directed to save harmless the estate from expenditures made necessary by reason thereof: Price's Est., 81 Pa. 263; Mulholland's Est., 154 Pa. 491, 501. An examination of the record,— covering nearly two hundred printed pages,—will show that practically the entire proceeding was devoted to the hearing of testimony bearing upon the claims which the accountant was improperly insisting upon, and with the amount of which he was surcharged. It would be grossly unfair to charge an estate of $12,542 with expenses amounting to $1,800, under such circumstances. This evidently was the thought of the learned court below, who, however, felt impelled to deduct the amount from the fund for distribution. He said: "From some points of view, considering the conduct of the accountant, it might be proper to impose part of the costs upon him, but when we consider that the appraisement which he made was not done secretly, but was made with the help of two clerks in his store, although we disapprove of the basis upon which he acted, yet we are not inclined to convict him of fraud." This condemnation of the accountant was amply justified, but, in our opinion, the estate should not be compelled to bear the burden of his wrongdoing.

It is to be noted that in the last illness of Benjamin, the surviving brothers secured from him two contracts relating to the settlement of the partnership in case of his death, the first providing for the sale of his interest at its net worth, and the second at a fixed sum of $10,000, admittedly much less than its value. Indeed, so unfair was the second agreement that no attempt was made to take

advantage of its provisions. When we further remember that Isaac was not only the executor of his brother, but testamentary guardian of the minor children; that his account showed a sale to his brother for a sum much less than the true value,—he subsequently becoming part owner by the formation of a new firm,—and thought is given to the further fact that he attempted, by taking credit in his account, to impose a large bill, one-half of which was necessarily payable, if it could be allowed, from the decedent's estate, we are impelled to the belief that he was treated with undue consideration by the court below. It is true, as already noted, that the disposition of costs is largely a matter for determination by the orphans' court, but when an abuse of this discretion is made to appear, its action will not be upheld. The present audit was made necessary solely because of the misconduct of the accountant. No question as to the relative proportions of the widow and children in the fund for distribution was raised, nor was evidence required to fix these amounts. The entire contest was caused by the improper acts of the executor in the attempt to deprive not only the widow but the children, for whom he was acting in a fiduciary capacity, of a part of the funds to which they were entitled.

The voluminous testimony found in this case relates entirely to the unsustainable demands of the accountant. That his conduct was wrongful, if not dishonest, finds confirmation in the surcharge imposed upon him by the auditor, approved by the court below, and sustained here on appeal. Under these circumstances, it would be unfair to impose upon the estate an expenditure due solely to his acts. There is no reason why a party who presents an unfounded claim in the orphans' court should not be compelled to pay the costs of his litigation, as does the losing party in proceedings at law; where it is made to appear the outlays are due solely to his wrong, the burden should be placed on his shoulders. This is such a

case, and the complaint of the failure of the learned court below to so order should be upheld.

The assignments of error are sustained, the decree of the court below is reversed, and the record is remitted for further proceedings in accordance with this opinion, costs of the appeal to be paid by the appellee.