## Deagler's Estate.

*Maurice S. Levy*, for petitioner; *Harry M. McCaughey*, contra.

STEARNE, J., May 1, 1931.—The petitioner sought, by citation, the specific performance of an alleged oral agreement between herself and the decedent, to convey to her certain real estate in satisfaction of decedent's liability to her concerning personal services alleged to have been rendered by petitioner to decedent. Upon answers being filed and issue joined, the matter was referred to a master. After a hearing the master filed his report, but before the court acted upon it an application was made by petitioner to amend her petition. After due consideration, the application was granted and the matter was referred back to the master for further consideration [14 D. & C. 598]. Pursuant to the permission granted to amend the petition, petitioner alleged that the true agreement was that the decedent covenanted, verbally, to make

a will in consideration of her services, whereby petitioner was to receive there-under the real estate in question, and also the contents of the house. Issue was again joined on the amended petition and a rehearing had by the master. His report is now before us for confirmation.

The master found that there was no contract to "make a will;" that the petitioner had performed valuable services, and that the decedent did agree to transfer the real estate and the contents of the house to petitioner; the master declined to recommend an order directing specific performance of the oral contract to convey the real estate because of its violation of the statute of frauds; that the contract concerning the transfer of the personal property did not violate the statute and ought to be enforced. The master awarded the proceeds from the sale of such personal property to the petitioner and decreed that all costs should be borne by the estate of the decedent.

Petitioner excepts to the refusal of the master to order a conveyance of the real estate; the beneficiaries under the will and the executor except to the action of the master in awarding the proceeds of the personal property to the petitioner and the imposition of the costs upon the decedent's estate.

Respecting petitioner's contention that the decedent agreed to make a will, the master has found, under the evidence, that no such agreement was made. In the absence of clear error, which is not here apparent, this court must give the finding of the master the effect of the verdict of a jury: Niland *v.* Gill, 99 Pa. Superior Ct. 107; Shelton's Estate, 95 Pa. Superior Ct. 363, 367; Schwoyer's Estate, 288 Pa. 541, 544; Gross's Estate, 284 Pa. 73, 78.

A reading of the evidence convinces us of the correctness and accuracy of the master's finding.

While there exists no contract to make a will, nevertheless, the master finds that the decedent did orally agree, in consideration of the petitioner's services, to convey the real estate to her, together with the contents of the house. The oral contract to convey the real estate was unenforceable because of the provisions of the statute of frauds: Morrish *v.* Price, 293 Pa. 169; Jung's Estate, 13 D. & C. 293; Fuller *v.* Fuller, 219 Pa. 163. However, there is interposed no statutory prohibition concerning the enforcement of an oral contract to transfer personal property: Spencer *v.* Darlington, 74 Pa. 286; Robbins *v.* Farwell, 193 Pa. 37.

It is noted that there is no allegation in either petition concerning an agreement to transfer personal property. In the first petition the allegations concern the transfer of the real estate, while the amended petition related to the alleged agreement to make a will, against which is the finding of the master. Defects in pleading, however, should not preclude the petitioner from receiving that to which she is legally entitled. Leave is accordingly granted to the petitioner to amend her original petition concerning the personal property in question.

The master has imposed the costs in these proceedings upon the estate of the decedent. Costs in the orphans' court are imposed in the sound discretion of the court: Lusk's Estate, 150 Pa. 517; Morrison's Estate, 11 D. & C. 447; Swentzel v. Penn Bank, 147 Pa. 140; Grollman's Estate (No. 2), 273 Pa. 565; Kaurene's Estate, 3 D. & C. 290. Here the petitioner was partially successful in her contentions. Her claim was meritorious but could not be entirely performed because of its conflict with the statute. Under the circumstances we feel that the action of the master in imposing the costs upon the estate was not an abuse of discretion. We approve his recommendation.

All exceptions are dismissed and counsel are directed to submit a final decree in compliance with this opinion.