## Avery's Estate

Before Lamorelle, P. J., Gest, Henderson, Van Dusen, Stearne and Sinkler, JJ.

*Ralph C. Busser, Jr.*, and *Robert W. Archbald, Jr.*, for exceptants.

*Frank C. Butler*, contra.

STEARNE, J., June 30, 1933.—The exceptions are to the report of the clerk of this court, who taxed the costs but refused to allow them because they were not allowed by the adjudication.

Petitioners were nonresident claimants, whose claims were partially allowed by an auditing judge. The hearing was held January 7, 1933, a witness bill was filed with the clerk on January 11, 1933, and the adjudication was filed January 17, 1933. No allowance of costs was asked for at the audit and none were allowed in the adjudication. On April 21, 1933, the auditing judge directed the clerk to tax the costs. After a hearing, the amount of such costs was fixed by the clerk but were disallowed because not awarded in the adjudication.

The question involved is whether witness and mileage fees of successful claimants in the orphans' court follow the award as of course, in like manner as costs follow a verdict in the common pleas court.

Upon a careful review of the cases and statute we conclude that they do not. There is no rule of court upon the subject, and the Orphans' Court Act of 1917 is silent with respect thereto. The question, however, is not new. It has been repeatedly passed upon.

Judge Gest in Kaurene's Estate, 3 D. & C. 290, 291, wrote:

"The allowance of costs to a petitioner in the Orphans' Court does not depend upon his success in the litigation. The Orphans' Court being a court of equity, is vested with a wide discretion upon the subject: Rice, P. J., in Shadle's Estate (No. 2), 30 Pa. Superior Ct. 160."

Kaurene's Estate was cited by us with approval in Deagler's Estate, 15 D. & C. 475, 476. See Grollman's Estate (No. 2), 273 Pa. 565, Lusk's Estate, 150 Pa. 517, and Morrison's Estate, 11 D. & C. 447.

Judge Hanna, in Rankin's Estate, 19 Phila. 54, concerning a witness bill, wrote:-

"Objection is also taken to the allowance of the fees to the witnesses produced by accountant, upon the ground that a bill should be filed and taxed: Brightly on Costs, 299. While this is in general the rule, yet in the audit and settlement of accounts, the practice is for the auditing judge at the time an award is made or credit allowed an accountant, to also deduct and direct payment of the witness fees if properly chargeable to the fund. And this is necessary in order to determine the balance for distribution. The fees are allowable under the Act of March 11, 1873, P. L. 262, and the practice of the court was observed in this respect. We therefore discover no error."

We are unanimously of opinion that the above practice, referred to by Judge Hanna, is correct. If a claimant demands witness fees or costs, he must make application to the auditing judge for such allowance, which then becomes a matter for the sound discretion of the auditing judge, who may then refer their taxation to the clerk. As Judge Hanna quite pertinently points out: "And this is necessary in order to determine the balance for distribution."

The writer of this opinion assumes sole responsibility for the state of the record. The order to the clerk to tax costs was merely to fix the correct amount due, if any. While perhaps the clerk may have exceeded his authority in also passing upon liability for costs, yet his efforts were valuable in focusing the question involved. Having heard the evidence, the opinion writer feels that he was most generous in the allowance of the claims and is of opinion that no witness fees or costs be allowed. In this the court concurs.

The exceptions to the refusal to allow witness fees and mileage are dismissed.