HAAS v. WISHMIER'S ESTATE ET AL.

[No. 14.890.   Filed May 29, 1934.]

32

*Johnson & Zechiel,* for appellant.

*James A. Collins, John W. Holtzman, A. J. Rucker,* and *David M. Lewis,* for appellees.

SMITH, P. J.—This is an appeal from a judgment upon exceptions to certain reports of the appellant in a trust estate created under the last will and testament of one Christian F. Wishmier. Appellant was appointed trustee under said will of certain property, the use and income of which under the terms of the will went to one Charles F. Wishmier for and during his natural life, with the remainder over to certain legatees and devisees named.

Upon a petition filed in the probate court of Marion county by the life tenant, Charles F. Wishmier, the appellant was ordered to make a report. Other petitions were filed, and such proceedings were had that appellant filed four different reports; upon exceptions filed to

each of these reports, which were filed under an order of court, the probate court found for the appellees, and rendered a judgment against appellant, and ordered him to pay certain sums to the estate.

During these proceedings, appellant was removed as trustee for irregularity and misconduct, and one John J. Reilly was appointed in his stead as trustee under said will.

The court found that there were certain commissions due to the estate, which the trustee had charged against this estate for the sale of real estate and other property; and also found that there was $7,385.19, with interest in the sum of $237.55, due to the estate; and further found that fees for the objectors' (petitioners') attorneys in the sum of $2,250.00 should be paid by appellant, and that the expenses of the audit of appellant's reports and accounts fixed at $850.00 should also be paid by him.

Judgment was rendered upon this general finding against appellant in the sum of $10,722.74, and costs. A motion was filed by appellant to modify this judgment. Upon its own motion, the court modified the judgment by reducing it in the sum of $779.86, making the total amount of the judgment $9,942.88. The motion to modify was overruled and exception reversed, which action of the court was assigned as an error in this cause. Thereafter, the appellant seasonably filed his motion for a new trial, only two grounds of which are properly assigned; namely, (5) the decision of the court is not sustained by sufficient evidence; (6) the decision of the court is contrary to law. This motion was overruled, which action of the court was also assigned as error.

There was no error in overruling the motion to modify the judgment because the motion sought to substitute another judgment for that rendered. Our court, as well as the Supreme Court, has said that a motion to modify a judgment can be em-

ployed for no other purpose than to raise questions affecting the form of the judgment, and cannot be used for the purpose of striking out a judgment and substituting another and entirely different judgment, as this motion contemplated. *Warrick, Assessor et al.* v. *Spry* (1912), 49 Ind. App. 327, 97 N. E. 361; *Schiering* v. *Baker et al.* (1931), 202 Ind. 678, 177 N. E. 866.

Many objections are raised against the brief of appellant and the preparation of the record. Most, if not all, of these questions were determined on the motion by appellee to dismiss the appeal, which was overruled. There has been a substantial compliance with the rules by appellant in the preparation of his brief, and the record properly presents all questions raised.

This leaves for our consideration the questions raised upon the motion for new trial, whether the decision of the court is sustained by sufficient evidence, and whether it is contrary to law.

Under this assignment, appellant discusses and urges other questions which are not proper grounds for a new trial, hence they need not be considered.

The evidence in this case is voluminous, and contains several reports and accounts, also, reports of auditors and certified accountants in which there is much conflict. It would be impracticable and of no value to set out the evidence, or the substance of all of it.

Appellant became trustee under the will of this estate in the year 1915. At that time, the principal part of the trust estate consisted of farm lands, but in 1916 appellant sold the larger part of a farm for the sum of $56,160, and other property, which together produced the net sum of $57,836, and constituted a large part of the corpus of the estate. It was not until several years later that the appellant filed any report in this estate, and then only upon petition of the life tenant and under an order of court. He filed a report on June 26, 1931;

another, on September 24, 1931; another, on October 30, 1931, and on December 15, 1931. All of these reports . were filed after proceedings in court brought by the appellee herein to force the filing thereof, and they were filed by appellant only after the court had ordered him so to do. Appellant kept no regular set of books and no separate account of the funds, but commingled the same with his individual funds, and made it difficult, if not impossible, to secure a correct audit of his account with the estate.

The only questions in this appeal properly raised by the grounds presented in the motion for a new trial are: (1) Did the probate court of Marion county have power to charge against appellant as an individual the appellees' attorneys' fees in the sum of $2,250?; and (2) Did it have power to charge against the appellant as an individual the sum of $850 for the fee allowed to the auditor appointed by the court upon a petition by appellees to audit appellant's accounts?

While these precise questions have not been passed upon heretofore by the courts of appeal in this state, this court has said that, under circumstances similar to this, "The allowance of costs, expenses, and attorneys' fees incurred in litigation beneficial to a trust estate is largely discretionary with the lower court, and is upon appeal treated as presumptively correct." *Bartholomew* v. *Union Trust Company as Receiver of the Mutual Life Insurance Company* (1905), 36 Ind. App. 328, 330, 75 N. E. 31, and cases cited.

The record in this case shows that these proceedings were actuated because of the misconduct of appellant in not making reports as required by law, and in not making true reports of the condition of the estate. It was because of the misconduct and negligence of the appellant that these proceedings became

necessary. We think the rule should be that which is laid down in Corpus Juris, as follows:

"Costs and expenses of proceedings for accounting and settlement may be charged to the personal representative individually, when he has rendered it necessary that such costs and expenses should be incurred by his misconduct or negligence as to accounting or settling, or when on a contested settlement the finding is against him; and he may also incur individual liability for the costs of a compulsory proceeding for accounting brought after undue delay on his part in accounting and settling. The costs of an audit may be included in the costs which are charged to a personal representative individually." 24 Corpus Juris 1057, Sec. 2531.

In this case there is evidence to show and the lower court has found that the appellant rendered it necessary that costs and expenses be incurred by his misconduct or negligence in accounting for the funds in his hands. Furthermore, the finding of the lower court was against him. There is no question but that the evidence shows he unduly delayed making any accounting, and made it only when proceedings were started to compel him to do so. As said in Corpus Juris, *supra*, "The costs of an audit may be included in the costs which are charged to a personal representative individually."

We hold that there is evidence to warrant the lower court in charging to the appellant individually the attorneys' fees and the costs of the audit.

The duties of the trustee are to keep the estate intact, and turn it over to the proper parties under the terms of the trust. If, by his own wrongful conduct and negligence, he mismanages the affairs of the estate and commingles the money and property of the estate, with his own, and does not report to the proper court, and compels persons who are interested in the estate to force such report, as was done in this case, then the court having charge of the estate has a right to charge

him individually with all costs and expenses, including attorneys' fees of the other party, as well as his own, and the cost of an audit made necessary by his own conduct.

Our statute, Burns Ann. St. 1926, section 13470 (Baldwin's Ann. St. 1934, section 14762) provides, concerning Trusts and Powers, as follows:

> "Said trustee and the funds in his hands shall be at all times under the equitable control of the court having jurisdiction thereof for the preservation of the funds and carrying out the purposes of the trust."

There are many authorities in this country which hold that trustees who are decreed to pay the costs of a suit occasioned by their misconduct cannot charge the expenses of the suit to the trust fund in their hands; as their misconduct was personal, so the costs are personal, and must be borne by them personally. Perry on Trusts, seventh edition, vol. II, §903. The same doctrine is announced in Henry's Probate Law and Practice, vol. 1, 4th edition, §365.

In the case of *In re Grollman's Estate* (1922), 273 Pa. 565, 117 Atl. 351, the Supreme Court of Pennsylvania made this statement:

> "The placing of the expenses upon the one found to be in error tends to discourage improper litigation, and should be enforced in appropriate cases."

The Supreme Court of the United States, having before it the question of costs and expenses awarded to the trustee out of a trust fund, said:

> "The court below should have considerable latitude of discretion on the subject, since it has far better means of knowing what is just and reasonable than an appellate court can have. It is not shown in this case, by the appellants, that any of these allowances are excessive, or that the expenditures allowed were not fairly and honestly made."

*Trustees of the Internal Improvement Funds of the State of Florida* v. *Greenough, Admr. (1881), 105 U. S. 535, 26 L. Ed. 1157.*

The Appellate Court of Illinois, in the case *In re Estate of Mertz* (1927), 246 Ill. App. 283, upheld the doctrine expressed in Corpus Juris, supra, and followed the rule as announced therein.

After reviewing the record and the evidence in this case, we hold that there was evidence to justify the probate court of Marion county in holding that these proceedings were occasioned by the misconduct and negligence of the appellant, and that under such circumstances the court had a right to charge to the appellant as an individual the attorneys' fees and audit fees for accounting herein.

The court did not err in overruling the motion for new trial. There being no reversible error, judgment is affirmed.