ZARING ET AL. *v.* ZARING ET AL.

[No. 27,603. Filed February 26, 1942.]

516

*William F. Little* and *W. C. Clippinger,* both of Evansville, for appellants.

*Edwin C. Henning,* of Evansville, for appellees.

RICHMAN, J.—William C. Zaring executed a deed of trust which after his death was docketed in the Vander-

burgh Probate Court. There are four trustees who also are beneficiaries. The *corpus* is an office building in Evansville. Three of the trustees desired to appoint a bank as rental agent. The fourth objected. The three filed a petition asking authority to execute the agency agreement. The fourth appeared, objected, and upon his motion a special judge was appointed who heard the evidence, entered special findings of facts and conclusions of law and order thereon, authorizing the appointment of such rental agent under contract set out in the findings. From that order or decree there is an appeal pending in the Appellate Court. The concluding paragraph of the decree reads: "It is finally ordered and adjudged that the costs of this proceeding including the attorney fees of the petitioners and respondent be and the same are hereby taxed against the trust."

Afterwards, before the regular judge, appellee Condit and appellee Henning as attorneys for the minority trustee filed separate petitions, the former asking $250 for services as attorney for said trustee in the proceedings before the special judge, and the latter asking $250 for services as attorney for said trustee in the appeal pending in the Appellate Court and $125 for the cost of transcript in said appeal.

The record recites:

"And said respective petitions coming on for determination and hearing the majority Trustees, Anna L. Froelich, Ellen Lodge and William C. Zaring and also the trust herein severally and jointly object to the allowance of fees to either attorneys Condit or Henning for the reason that allowance fees to either of said attorneys are not properly or legally chargeable against the trust or the trust estate herein and the compensation of said attorneys was a matter of private contract between the respective attorneys Forrest M. Condit and Edwin C. Henning and their client Elder C.

Zaring which said objections the court overruled, to which action and ruling of the court the trust and the majority Trustees herein each except.

"And the court having examined the petitions respectively filed by attorneys Condit and Henning finds a fair and reasonable fee for attorney Condit in the premises is Two Hundred and Fifty Dollars ($250.00) to which trust and the majority Trustees jointly and severally except.

"The court finds that a fair and reasonable fee for Attorney Henning in the premises is Two Hundred Fifty Dollars ($250.00) and that the cost of the transcript for appeal not to exceed the amount of $125.00 should be allowed from the funds of the trust, to which finding the majority Trustees and the trust herein jointly and severally except."

The court made similar findings as to fees for the attorneys for the majority trustees and then entered an order which as later modified requires payment of the amounts allowed upon the direction of the majority of trustees from the funds of the trust now in possession of said bank as agent. From this order as so modified this appeal is taken.

It appears from appellants' reply brief that in the appeal before the Appellate Court it is the intention of appellants by cross-errors to contest the right of the special judge to make any order as to attorney fees as wholly outside of the issues. The record in that case discloses that not only was there no issue but also no evidence to support that part of his decree.

This trust estate was pending before the regular judge of the court and, except for the change of venue as to the particular issue, it was within his province to pass upon all matters arising in the administration of the trust including allowances of attorney fees. By his application for change of venue the minority trustee asked that one issue only be submitted for trial to a special judge. Such issue

was made by his written objections to the petition of the other three trustees for "authority and direction to enter into a proposed agency agreement." Neither the petition nor the objections refer in any manner to allowance of fees. Assuming that there may be taken from a judge under whose direction a trust is being administered a particular contested issue requiring a hearing and determination, it seems to us that the jurisdiction so conferred upon the special judge should be confined to the narrow issue submitted to him and that all other matters must remain with the judge who has general jurisdiction of the trust. Applying this principle it is apparent that the decree as to attorney fees made by the special judge was outside of his jurisdiction and void. So much of his decree may and doubtless will by the Appellate Court be treated as surplusage.

This brings us to the specific question we are asked to decide. It appears from the petitions for fees and cost of transcript filed with the regular judge that they are predicated on the void order of the special judge. Appellants insist, therefore, that the regular judge was attempting to carry into effect such order and that if anyone has that right or jurisdiction it must be the special judge. We cannot agree.

Neither judge had jurisdiction to carry a void order into effect. But independent of that order the regular judge by reason of his general jurisdiction over the trust certainly had the right upon proper showing to make such allowances.

If all references to the void order be stricken from the two petitions, still there remains in each sufficient to show the employment and request for compensation. From the order book entry above quoted it is apparent that the majority trustees

objected to the allowances and that there was a hearing thereon and a determination that the employment was such as to justify payment out of the trust funds.

Appellants insist that this conclusion was erroneous for the reason that the minority trustee was "at fault in unnecessarily causing the litigation" and therefore should himself pay his attorneys. Authority for their contention is found in 2 Scott on Trusts (1939), § 188.6, p. 1007; 4 Bogart, Trusts and Trustees (1935), § 805, p. 2335, and certain cited cases. We may concede that this principle is applicable in a proper case, but it must first be shown that the trustee was in fact unnecessarily responsible for the litigation. Appellants point to a finding of fact made by the special judge but that judge was not trying this case. If the finding sustained appellants' position, which we do not think is true, nevertheless it was not binding upon the regular judge even if it were brought to his attention, which does not appear.

The case before us must be decided upon its own record. Appellants do not bring to us the evidence before the regular judge. In oral argument there seemed to be a difference of opinion as to whether evidence had been submitted. In any event an issue was made by appellants' objections to the allowances and the record recites that there was a "hearing" and since it is not affirmatively made to appear by the record that there was no evidence to sustain the decision, we must assume that it was made on sufficient evidence. This is not such a matter as may be determined from the objection alone. We are not aware of any absolute rule forbidding reimbursement to a minority trustee for attorney fees, or as here direct allowance of such fees, incurred in determining the validity of proposed action by the majority. Ordinarily where

there is disagreement they join in asking the court for instructions. Here the majority were represented by one set of attorneys who drew a contract which did not meet the approval of the minority trustee. His refusal to concur resulted in the filing of a petition by the majority for the court's approval of their action. This was converted into an adversary proceeding instead of the usual request for instructions but it seems to have been considered necessary under the circumstances and the regular judge, who made the allowances, permitted the issue so to be made. We have not been cited to a similar case and have found no direct authority on the subject. Each of several co-trustees is expected to contribute from his own experience, skill and wisdom to the management of the trust affairs. His office as trustee calls for independent consideration no less than joint action. Even where the trust instrument permits the will of the majority to rule, the action desired by them may not only be unwise but also beyond the scope of their powers. In such a case a minority trustee ought not complacently sit by to the detriment of the trust. If the proposals of the majority seem to him to transcend their powers or to import serious injury to the trust estate or its beneficiaries we think he is justified in requiring a judicial determination of its validity before he gives his consent. If the matter is one where the facts are controversial or the law is unsettled it would seem reasonable that his side of the controversy be properly presented by attorneys employed for that purpose. If ultimately he should prevail it would then be apparent that the employment was for the benefit of the trust estate and should be compensated out of its funds. But we do not think it would follow that in such event the attorneys employed by the majority should not also be paid out of trust funds.

The right to compensation at the cost of the estate should not depend upon the result of the litigation but rather upon the reasonable necessity for such ▮▮▮ litigation. And on that subject a court passing on the question of allowances ought to consider not merely the result, but whether the trustees are acting reasonably and in good faith, whether the issue on which they are divided is of little or momentous consequence to the estate or its beneficiaries, whether the facts are undisputed or are so controversial as to require an adversary proceeding for their determination, whether the legal questions are simple or complex, settled by precedents or open to serious debate, and any other matters that bear upon the reasonableness or the necessity for the litigation and the multiple employment of attorneys therein. The court might conclude that all or none of the attorneys should be paid by the estate, that some should be so paid for the hearing before the *nisi prius* judge and that others should be so compensated for an appeal. All these matters, it seems to us were in this instance for the determination of the regular judge in the exercise of a sound discretion, and in the absence of an affirmative showing of error or abuse of discretion we must affirm his order.

Order affirmed.

NOTE.—Reported in 39 N. E. (2d) 724.