Louise Noel MALACHOWSKI, Nancy Noel Kosene, H. Jerome Noel, Jr., Irma Noel Rand, William H. Noel, Carol Noel Fleming, William H. Failey, Jr., and John Noel Failey, Plaintiffs–Appellants,

v.

BANK ONE, INDIANAPOLIS, N.A., formerly American Fletcher National Bank And Trust Company Defendants–Appellees.

No. 49S04–9701–CV–46.

Supreme Court of Indiana.

July 8, 1997.

Henry J. Price, Jerry Garau, Price & Barker, Indianapolis, for Plaintiffs–Appellants.

Michael Rosiello, Stanley C. Fickle, Barnes & Thornburg Indianapolis, for Defendants–Appellees.

## ON PETITION TO TRANSFER

DICKSON, Justice.

The plaintiff-appellant beneficiaries of a trust, Louise Noel Malachowski, Nancy Noel Kosene, H. Jerome Noel, Jr., Irma Noel Rand, William H. Noel, Carol Noel Madrick, William H. Failey, Jr., and John Noel Failey ("beneficiaries"), seek transfer from the Court of Appeals, which affirmed the probate court. The decision by the Court of Appeals is part of a long and complex litigation between the beneficiaries and the defendant-appellee trustee, Bank One ("trustee"). The facts of this case have been recited in great detail in *Malachowski v. Bank One, Indianapolis,* 570 N.E.2d 65 (Ind.Ct.App.1991), *vacated in Malachowski v. Bank One, Indianapolis,* 590 N.E.2d 559 (Ind.1992), and *Malachowski v. Bank One, Indianapolis,* 667 N.E.2d 780 (Ind.Ct.App.1996). Accordingly, we will recite only the facts necessary to dispose of the issues before us.

The trust at issue was created in 1935. From 1947 to 1972, the trust corpus consisted entirely of Eli Lilly stock. In 1970 and 1971, the National Bank Examiners audit staff ("Examiners") made oral suggestions that the trustee should either diversify the trust's investments or get indemnification agreements from the beneficiaries. The trustee never received a formal written order from the Examiners and "was not required or mandated to diversify this trust as a result of oral suggestions or comments made by the [Examiners]." Record at 1164 (Conclusion of Law Number 4). Although most of the beneficiaries strongly objected to diversification, the trustee told the beneficiaries that they were under a "mandate" to diversify, leaving the beneficiaries with the impression that a federal order required them to do so. The trustee gradually diversified the trust from 1972–1980, selling the Eli Lilly Stock. The trustee continued to diversify and sell the Eli Lilly stock until 1985. In 1987, the beneficiaries discovered that there had been no formal written order requiring diversification and brought suit against the trustee, alleging breach of trust. The probate court granted summary judgment in favor of the trustee and the Court of Appeals affirmed. *Malachowski v. Bank One, Indianapolis,* 570 N.E.2d 65 (Ind.Ct.App.1991). We granted transfer, reversed the trial court, and remanded for further proceedings. *Malachowski v. Bank One, Indianapolis,* 590 N.E.2d 559 (Ind.1992).

Before the remand proceedings had begun, the beneficiaries brought a second suit against the trustee alleging fraud. The two actions were consolidated. Following a bench trial, the probate court removed the trustee, finding that its "assertion that there was a mandate, without explanation of the legal effects of the [examiner's] comments, was misleading and constituted misrepresentation." Record at 1164. The court then found that the trustee's misrepresentations had "so jeopardized its trust relationship as to require removal." Record at 1167. The probate court found in favor of the trustee on the other counts. The probate court then ordered the trustee to "bear its own attorney fees and costs of litigation without reimbursement from the Trust." Record at 1173. It also denied attorney's fees to the beneficiaries. The Court of Appeals affirmed the trial court on all issues. *Malachowski v. Bank One, Indianapolis,* 667 N.E.2d 780 (Ind.Ct.App.1996). We grant transfer on the limited issue of attorney fees and summarily affirm the Court of Appeals in all other respects.

### 1. Beneficiaries' Attorney Fees

■ The award or denial of attorney fees is "in the exercise of a sound discretion, and in the absence of an affirmative showing of error or abuse of discretion we must affirm [the trial court's] order." *Zaring v. Zaring*, 219 Ind. 514, 523, 39 N.E.2d 734, 737 (1942). The beneficiaries contend that, under Indiana Code Sections 30–4–3–22 and 30–4–3–11, "[t]he trial court was required to award such attorney's fees as a matter of law." Brief of Appellant at 37. We agree. The Indiana Code provides:

(a) A beneficiary of a trust may maintain an action:

(1) to compel the trustee to perform his duties;

(2) to enjoin the trustee from committing an act which may be a breach of trust;

(3) to compel the trustee to redress a breach of trust; or

*(4) to remove a trustee for cause and to appoint a successor trustee.*

. . .

(e) If a beneficiary successfully maintains an action under subsection (a) of this section . . . he is entitled to a judgment for reasonable attorney's fees.

IND.CODE § 30–4–3–22 (1993) (emphasis added).

■ The beneficiaries filed an amended complaint seeking an "[o]rder removing Bank One as Trustee . . . and appointing a successor Trustee pursuant to I.C. Section 30–4–3–22. . . ." Record at 76. They successfully maintained this action and are therefore entitled to reasonable attorney's fees.

The trustee alleges that the probate court's decision to not award attorney's fees was a "paradigm example of an exercise of equitable discretion." Brief of Appellee at 53. The trustee relies upon *Guardianship of Brown*, 436 N.E.2d 877 (Ind.Ct.App.1982),[1] wherein the Court of Appeals denied attorneys fees under the same provision at issue in this case, Indiana Code Section 30–4–3–

22(e), emphasizing the "equitable discretion afforded to trial courts concerning the matter of attorney fees." *Id.* at 892.

While a court has broad "equity powers over the administration of trusts," these equitable powers are limited when "otherwise provided in the Code." Ind.Code § 30–4–3–30 (1993). Indiana Code Section 30–4–3–22(e), which provides for attorney fees when a beneficiary successfully maintains an action under this provision, limits the equitable discretion of the court to deny attorney fees. We disapprove of *Brown*, which disregarded this express statutory requirement. The beneficiaries have made an affirmative showing of error. We remand this case to the probate court for a hearing to determine the amount of this award.[2]

### 2. Trustee's Attorney Fees

In its assertion of cross-error, the trustee contends that it had a valid claim for reimbursement of fees incurred while successfully defending against the bulk of the beneficiaries claims, but that the trial court denied fees to both sides as a matter of equity. The trustee argues that the trial court's decision to deny the trustee's claim for attorney fees "was intertwined with, and dependant upon" the denial of the beneficiaries claim for fees. Brief of Appellee at 72. The trustee urges that, if the denial of the beneficiaries' claim is reversed on appeal, the denial of the trustee's fee claim should be reversed as well.

■ While the trial court's decision to deny attorney fees to the beneficiaries expressly resulted from its decision to deny the trustee reimbursement for its attorney fees or costs, the converse is not true. The denial of the trustee's attorney fee claim occurred in the trial court's judgment entered January 13, 1994. The findings of fact and conclusions of law upon which it was based did not include any reference to a denial of the beneficiaries' attorney fees claim. The trial court did not address the beneficiaries' claim until its March 21, 1994, order denying the beneficiaries' Motion to Correct Error, wherein the

1. Transfer was not sought in this case.

2. Disposition of this issue under Indiana Code Section 30–4–3–22 renders unnecessary any dis-

cussion as to the merits of the beneficiaries' claim under Indiana Code Section 30–4–3–11.

court explained "[i]n these circumstances, where [the trustee] was denied reimbursement from the trust for any attorney fees or costs of litigation, an award of attorney fees to [the beneficiaries] ... would be inequitable and unreasonable." Record at 1221. Because the denial of the trustee's claim for attorney fees and costs was thus independent of the trial court's decision to deny the beneficiaries' claim, our reversal of the latter does not automatically compel reversal of the denial of the trustee's claim. We will, however, consider the trustee's contention that it was entitled to reimbursement from the trust for its attorney fees.

■ Again we note that the award or denial of attorney fees is "in the exercise of a sound discretion, and in the absence of an affirmative showing of error or abuse of discretion we must affirm [the trial court's] order." *Zaring v. Zaring*, 219 Ind. 514, 523, 39 N.E.2d 734, 737 (1942). We do not find that the trial court abused its discretion.

This Court, in *Zaring*, also held that "[t]he right to compensation at the cost of the estate should not depend upon the result of the litigation but rather upon the reasonable necessity for such litigation." *Id.* at 523, 39 N.E.2d at 737.[3] The necessity for litigation was also emphasized by the Indiana Court of Appeals in *Haas v. Wishmier's Estate*, 99 Ind.App. 31, 190 N.E. 548 (1934). In finding that the trustee could not use trust funds to pay the expenses and attorney fees for his defense, the court stated, "The record in this case shows that these proceedings were actuated because of the misconduct of [the trustee].... It was because of the misconduct and negligence of the appellant that these proceedings became necessary." *Id.* at 35–36, 190 N.E. at 549.

The trustee contends that it is entitled to recover its attorney fees from the Trust "even though the Probate Court found that Bank One acted improperly in one limited

area." Brief of Appellant at 54. We disagree. The probate court's findings and conclusions of law demonstrate that, although the trustee was successful in defending certain actions, the majority of the probate court's conclusions of law focus on the trustee's misconduct, specifically conclusions two through twenty-one relating to the trustee's misrepresentations as to the "mandate," listed in part:

2. Bank One failed to give the beneficiaries complete and accurate information concerning matters related to the administration of the Trust.

. . .

4. ... The assertion that there was a mandate, without explanation of the legal effect of the comments was misleading and constituted misrepresentation.

5. Bank One breached its duty to Plaintiffs when Bank One ... misrepresented the existence of a mandate from the [Examiners] requiring diversification ...

6. Bank One continued to misrepresent the existence of a mandate to diversify and failed to correct the misrepresentation in 1979 when it had an opportunity to do so.

. . .

9. But for Bank One's [misrepresentations], the beneficiaries would have brought a legal action to prevent the diversification before it occurred.

10. [Such legal action] would have prevented additional time, expense and other difficulties resulting from the great delay in the filing of these actions....

. . .

12. By virtue of the fiduciary relationship between the parties, Bank One owed Plaintiffs ... a fiduciary duty to act

---

3. This Court stated that "a court passing on the question of allowances ought to consider not merely the result, but whether the trustees are acting reasonably and in good faith, whether the issue on which they are divided is of little or momentous consequence to the estate or its beneficiaries, whether the facts are undisputed or are so controversial as to require an adversary proceeding for their determination, whether the legal questions are simple or complex, settled by precedents or open to serious debate, and any other matters that bear upon the reasonableness or the necessity for the litigation and the multiple employment of attorneys therein." *Zaring*, 219 Ind. at 523, 39 N.E.2d at 737.

with utmost loyalty, honest and in good faith. Bank One has breached this duty.

. . .

19. Bank One cannot avail itself of a laches defense, since its own wrongful conduct prevents it from coming to the Court with clean hands.

. . .

21. [T]he Bank has so jeopardized its trust relationship as to require removal.

Record at 1163–67.

After removing the trustee for its misconduct, including a breach of fiduciary duty regarding the misrepresentation, the probate court nevertheless found in favor of the trustee with regards to the allegations as to its handling of the diversification itself. The court found:

22. . . . Bank One fully complied with its duty under the prudent man rule. . . .

23 . . . Bank One made the diversification decision based on the interests of the beneficiaries and not on its own interests. Bank One did not diversify in order to increase its fees or to obtain additional investment. . . . Bank One did not breach the duty of loyalty to the Plaintiffs or other Trust beneficiaries. . . .

24. Bank One did not breach any fiduciary duty in connection with the indemnification agreements. . . .

25. Bank One did not breach the duty of impartiality as to the various beneficiaries. . . .

26. Bank One did not act improperly in failing to obtain Probate Court approval for the diversification. . . .

Record at 1167–1171.

Clearly, the probate court's conclusions of law do not represent an overall approval of the trustee's conduct minimally affecting "one limited area." Brief of Appellant at 54. Rather, the court found that the trustee com-

mitted significant and substantial misconduct. We are informed by the trial court's Conclusions of Law—specifically numbers nine and ten [4]—that the beneficiaries' legal action was reasonably necessary due to the trustee's misrepresentations. We conclude that the trial court did not abuse its discretion in denying the trustee's request for reimbursement of attorney fees.

The judgment denying the beneficiaries' attorney fees is reversed and the judgment denying the trustee's attorney fees is affirmed. The cause is remanded to determine the amount of the beneficiaries' award.

SHEPARD, C.J., and SULLIVAN and SELBY, JJ., concur.

BOEHM, J., not participating.

---

4. The trial court concluded that "But for Bank One's [misrepresentations], the beneficiaries would have brought a legal action to prevent the diversification before it occurred" and that such legal action "would have prevented additional time, expense and other difficulties resulting from the great delay in the filing of these actions." Record at 1165 (Conclusions of Law Numbers 9 and 10).