Odessa **BENAUGH**, Appellant–Plaintiff,

v.

Dennis **GARNER** d/b/a Blade Runner Auto Sales, et al., Appellees–Defendants.

No. 82A05–0704–CV–201.

Court of Appeals of Indiana.

Nov. 7, 2007.

Kathryn L. Kornblum, Vanstone & Kornblum, Evansville, IN, Attorney for Appellant.

Curt J. Angermeier, Angermeier Law Office, Evansville, IN, Attorney for Appellees.

## OPINION

BAKER, Chief Judge.

Appellant-plaintiff Odessa Benaugh appeals the trial court's calculation of attorney fees owed to her by appellees-defendants Dennis Garner d/b/a Blade Runner Auto Sales, et al. (collectively, the appellees), after a jury found the appellees liable for criminal conversion pursuant to the Indiana Crime Victim's Relief Act.[1] In particular, Benaugh argues that the trial court abused its discretion by awarding her only $1,000 of her requested $18,325 in fees because the amount of the judgment she collected from the appellees was only $1,950 plus costs. Finding that Benaugh is entitled to more than $1,000 but less than $18,325 in fees and that she is entitled to reasonable appellate attorney fees, we reverse and remand with instructions

that the trial court calculate the amount of reasonable trial and appellate attorney fees to which she is entitled.

### FACTS

This case has been appealed once before. The underlying facts, as described by that panel, are as follows:

Dennis Garner consigned a 1994 Chevrolet Corsica to Michael Davis d/b/a Direct Auto Sales. On September 29, 2000, Benaugh purchased the Corsica from Direct Auto Sales. As part of the transaction, Benaugh was to provide a title for the 1989 Oldsmobile 98 that she traded in. Benaugh never provided the title. When Garner sought to be paid for the Corsica, he was advised by Chris Davis, who had taken over operation of Direct Auto Sales when his father Michael Davis died, that the deal with Benaugh was null and void and that Garner should repossess the Corsica. Garner did so in February 2001.

On October 12, 2001, Benaugh filed suit against Garner, Davis, and the estate of Michael Davis, alleging fraud and criminal conversion. Benaugh sought treble damages and attorney's fees and costs under Indiana Code sections 35–43–4–2 and 4–3. Garner requested a jury trial.

On January 2, 2004, Benaugh filed her motion for summary judgment, alleging that the defendants had admitted sufficient facts to prove that Benaugh owned the Corsica and that the defendants exerted unauthorized control of the Corsica. In response, Garner argued that Benaugh was not the owner of the Corsica because she had not relinquished the title to the Oldsmobile as required by her sales contract, making Garner's

---

1. Ind.Code § 34–24–3–1 et seq.

belief of his authorization to control the Corsica reasonable. After a hearing, the trial court granted summary judgment in favor of Benaugh on the issue of liability on April 8, 2004. The trial court found as a matter of law that Garner had committed criminal conversion and awarded Benaugh $4,500 in treble damages for the fair market value of the Corsica and $6,500 in attorney's fees, plus costs. . . .

*Garner v. Benaugh,* No. 82A05–0411–CV–612, 831 N.E.2d 284, slip op. at 2–3 (Ind. Ct.App. June 13, 2005). Finding that there was a genuine issue of material fact regarding Garner's state of mind, we reversed the grant of summary judgment and remanded for trial. *Id.* at 4. In a footnote, we observed that "[a]lthough we do not reach the issue of damages, we note that the damages that the trial court awarded to Benaugh were well within the evidence. Should Benaugh prevail at the trial, she would be entitled to treble damages, attorney fees, . . . and costs." *Id.* at 4 n. 1.

The trial court held a three-day jury trial beginning on November 27, 2006. The jury found that the appellees were liable for criminal conversion of Benaugh's vehicle and awarded Benaugh damages in the amount of $1,950 plus costs. The trial court held a hearing on March 14, 2007, regarding Benaugh's attorney fees. Benaugh had requested $18,325 in fees she had incurred during the five-year litigation, but the trial court refused to award her the full amount, reasoning as follows:

Alright, well, *I don't dispute the amount of time you have in the case. I think the fee that you charge is reasonable. I think the issues are complex. But I totally agree with Mr. Angermeier. I cannot get over the fact that it's simply not prudent to incur $18,000 in attorney's fees over a $1,950 car.* And,

Ma'am, it's easy for you to say it's the principle, but, you know, there's a lot of time that's been involved and expended in the case from the attorneys . . . I mean, we had three attorneys testify today. We had mediation which the Senior Judge did for his Special Judge fee, but I again, can't get past . . . *I just don't think it's prudent to expend this amount of time over a $1,900 used car.* I don't think the jury found that he committed anything that called for punitive damages. I think clearly Mr. Davis was the person that was at fault. I think you were partially at fault or, you weren't, but your ex-husband [was] because the tax problem was partially to blame. It sounds to me like they made a good-faith effort to settle it, and I'm going to award you $1,000 in attorney fees.

Tr. p. 80–81 (emphases added) (ellipses in original). Benaugh now appeals.

## DISCUSSION AND DECISION

 Benaugh contends that the trial court erroneously calculated the amount of attorney fees to which she is entitled. As we consider this argument, we observe that we review an award of attorney fees for an abuse of discretion. *Brown v. Brown,* 776 N.E.2d 394, 397 (Ind.Ct.App. 2002). The trial court has broad discretion in assessing attorney fees, and we will reverse only if the award is clearly against the logic and effect of the facts and circumstances before the court. *Id.*

 Our Supreme Court has recently reminded us that "our Rules of Professional Conduct give us guidance as to factors to be considered in determining the reasonableness of attorney fees. . . ." *In re Order for Mandate of Funds,* 873 N.E.2d 1043, 1049 (Ind.2007). Specifically, we must look to Professional Conduct Rule

1.5(a), which lists the following non-exclusive factors to be considered:

(1) the time and labor required, the novelty and difficulty of the questions involved, and the skill requisite to perform the legal service properly;

(2) the likelihood, if apparent to the client, that the acceptance of the particular employment will preclude other employment by the lawyer;

(3) the fee customarily charged in the locality for similar legal services;

(4) the amount involved and the results obtained;

(5) the time limitations imposed by the client or by the circumstances;

(6) the nature and length of the professional relationship with the client;

(7) the experience, reputation, and ability of the lawyer or lawyers performing the services; and

(8) whether the fee is fixed or contingent.

Although the trial court is entitled to consider the amount involved in the lawsuit in determining the reasonableness of the requested fees, we have held that the trial court abuses its discretion if it reduces an otherwise reasonable fee request based on the amount of the judgment. *Hanson v. Valma M. Hanson Revocable Trust*, 855 N.E.2d 655, 667 (Ind.Ct.App.2006) ("the amount of the recovery should have no impact on the amount of attorney fees to which the Appellants are entitled"); *see also Zaring v. Zaring*, 219 Ind. 514, 523, 39 N.E.2d 734, 737 (1942) ("the right to [attorney fees] . . . should not depend on the result of the litigation but rather upon the reasonable necessity for such litigation").

■ Here, in evaluating Benaugh's fee request, the trial court explicitly found that "I don't dispute the amount of time you have in the case." Tr. p. 80. The court went on to conclude that "I think the fee that you charge is reasonable." Id. Finally, it agreed with Benaugh that "I think the issues are complex." *Id.* Ultimately, however, the trial court reduced Benaugh's requested fees from $18,325 to $1,000 based solely on the size of Benaugh's recovery: "I cannot get past the fact that it's simply not prudent to incur $18,000 attorney's fees over a $1,950 car. . . . I just don't think it's prudent to expend this amount of time over a $1,900 used car." *Id.* at 80–81. We can only conclude, pursuant to *Hanson*, that the trial court abused its discretion by drastically reducing the amount of the fee award based solely on the fact that the amount of the judgment was $1,950 given that it explicitly found that her request was otherwise reasonable.

■ It is, however, within the trial court's broad discretion to take into consideration the prudence of incurring over $18,000 in attorney fees given that the underlying amount involved was less than $2,000. Furthermore, although the trial court did not make an explicit statement to this effect, it must have also taken the first appeal in this case into account in reducing Benaugh's attorney fee award. Specifically, in January 2004, Benaugh filed a motion for summary judgment, which the trial court granted. The appellees were forced to respond to the motion and then pursue a successful appeal—which was completed in July 2005—of the trial court's erroneous order. It is within the trial court's discretion to find that the appellees should not have to pay for Benaugh's attorney fees related to this eighteen-month portion of the litigation, which was based on what was essentially Benaugh's invited error and compounded by the trial court's erroneous summary judgment order.

■ That being said, however, we cannot conclude that a $1,000 fee award is

reasonable or just. Benaugh recovered pursuant to the Indiana Crime Victims Relief Act (the Act). I.C. § 34–24–3–1 et seq. The Act

> allows a person who has suffered a pecuniary loss as a result of a violation of criminal conversion to bring a civil action to recover the loss. Unlike in a criminal trial, a claimant need only prove by a preponderance of the evidence that the defendant committed the criminal act. A criminal conviction for conversion is not a condition precedent to recovery in a civil action brought under the Indiana crime victim's relief act. However, the claimant must prove all of the elements of the alleged criminal act.

*Sam and Mac, Inc. v. Treat,* 783 N.E.2d 760, 766 (Ind.Ct.App.2003) (citations omitted). The Act is largely a penal measure. *Johnson v. Naugle,* 557 N.E.2d 1339, 1344 (Ind.Ct.App.1990).

In this case, that the jury found in Benaugh's favor necessarily means that she established by a preponderance of the evidence that the appellees committed criminal conversion. *Id.* To suggest that the attorney fees she has incurred during five years of litigation are unreasonable solely because the lawsuit centered on a used car that was worth "only" $1,950 would be antithetical to sound public policy. It is apparent that in enacting the Act, the legislature intended for it to serve as a deterrent to would-be criminals by increasing the financial risk and potential liability stemming from the commission of a property crime. To limit a successful plaintiff's attorney fees based solely on the value of the stolen or converted property would undermine the purpose of the Act. As Benaugh aptly explains, to permit a reduction in attorney fees on this basis would be "tantamount to admitting that the State of Indiana condones crime, so long as the criminal has the prudence to victimize less affluent citizens" whose possessions may not have substantial pecuniary value. Appellant's Br. p. 8.

Although Benaugh is not entitled to the full amount of her requested attorney fees, it is apparent that $1,000 is far too small an amount to recompense an ultimately successful plaintiff for filing and prosecuting a complaint and preparing for and conducting a three-day jury trial. Under these circumstances, we find that the trial court abused its discretion by limiting the amount of Benaugh's attorney fees to $1,000 based solely on the value of the property criminally converted by the appellees.

Nothing in the record leads us to conclude that the trial court abused it discretion by determining that the issues in this litigation were complex, that Benaugh's attorneys spent a reasonable amount of time on the litigation, or that their hourly fee is reasonable. Given these findings and given our conclusion that Benaugh is entitled to more than $1,000 but less than $18,325, we reverse the judgment of the trial court and remand with instructions to calculate the amount of reasonable attorney fees to which Benaugh is entitled.

■ Furthermore, we observe that in addition to trial attorney fees, a successful plaintiff is entitled to appellate attorney fees pursuant to the Act. *Benge v. Miller,* 855 N.E.2d 716, 722 (Ind.Ct.App.2006) (under the Act, "an award of attorney fees includes appellate attorney fees"). Here, Benaugh has been partially successful, inasmuch as she has established that she is entitled to more than $1,000 in attorney fees. She has not, however, been fully successful, given our conclusion that she is not entitled to the full amount she requests. Given these factors, we remand to the trial court to calculate the amount of

appellate attorney fees to which Benaugh is entitled.

The judgment of the trial court is reversed and remanded with instructions to calculate the amount of reasonable trial and appellate attorney fees to which Benaugh is entitled.

MAY, J., and CRONE, J., concur.