## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Feb 18 2016, 9:00 am

*Kevin S. Smith*

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT

Kyle B. Lawrence
Eichhorn & Eichhorn, LLP
Hammond, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Serenity Salon and Day Spa, Inc., | February 18, 2016 |
| *Appellant-Plaintiff,* | Court of Appeals Case No. 64A04-1509-SC-1507 |
| v. | Appeal from the Porter Superior Court |
| Amanda Pennington, | The Honorable David L. Chidester, Judge |
| *Appellee-Defendant.* | The Honorable Lisa Moser, Commissioner |
| | Trial Court Cause No. 64D04-1505-SC-1791 |

**Vaidik, Chief Judge.**

# Case Summary

After Amanda Pennington violated a pre-employment contract with Serenity Salon and Spa, Inc., the small claims court ordered her to pay $500.00 in attorney fees. Serenity Salon appeals and argues that these fees are not reasonable. However, because an analysis of the facts and Rule 1.5 of the Rules of Professional Conduct supports the $500.00 award, we affirm.

# Facts and Procedural History

In April 2013, Serenity Salon owner Wendy Krantz hired Pennington as a hair apprentice. Pennington signed a pre-employment agreement, which provides in relevant part as follows:

> **7. Financial Fee for Training.** For a period of one year immediately commencing after the apprentice training has been received, Employee shall remain an employee at Serenity Salon and Spa, Inc. in the capacity of the position trained. Should the employee resign at any given time during this one year period, the employee agrees to pay Serenity Salon and Spa, Inc. the sum of $2,500.00 for the training received. . . .
>
> \* \* \* \* \*
>
> **11. Acknowledgement of Legal Fees.** Employee recognizes that Serenity Salon and Spa, Inc. will aggressively pursue our rights under this agreement. If at any time our team of attorneys is required to protect Serenity Salon and Spa, Inc. on your behalf, you agree to pay all associated fees and costs relevant.

Appellant's App. p. 6-7.

[3]     Pennington completed her apprenticeship in September 2014, and began working as a hair stylist. In January 2015, Pennington resigned from Serenity Salon before completing her required one-year term as an employee.

[4]     In May 2015, Serenity Salon filed a notice of claim in small claims court seeking the $2,500.00 for the training Pennington received as well as attorney fees. At the conclusion of the August 21, 2015, hearing, the small claims court asked Serenity Salon's counsel if he had an attorney fee affidavit. Counsel responded that he did not but that he could provide one. The court advised counsel that he was supposed to have the affidavit that day so that Pennington could have an opportunity to review it and that it was too late to file one. When Serenity Salon's counsel asked the trial court "how [it would] know what attorney fees were" the small claims court responded that it guessed it would "have to figure that out." Tr. p. 31.[1]

[5]     On August 28, 2015, the small claims court issued a judgment ordering Pennington to pay Serenity Salon $3081.00 within thirty days. The $3081.00 included $2,500 for training, $500 for attorney fees, and $81.00 for court costs. Serenity Salon appeals the amount of attorney fees awarded.

---

[1] The Appellant's Appendix includes an affidavit of attorney fees that was filed on August 24, 2015. The affidavit states that Serenity Salon incurred $1,491.75 in attorney fees. However, because the small claims court told Serenity Salon's counsel on August 21 that it was too late to file an affidavit, and nothing in the appendix indicates that the small claims court reviewed the affidavit, we assume that it did not.

# Discussion and Decision

[6] At the outset we note that Pennington has failed to file an appellate brief in this matter. In cases where the appellee fails to submit a brief, we will not undertake the burden of developing arguments on her behalf. *Orlich v. Orlich,* 859 N.E.2d 671, 673 (Ind. Ct. App. 2006). Instead, we apply a less stringent standard of review and will reverse upon a showing of prima facie error, which is error "at first sight, on first appearance, or on the face of it." *Id.*

[7] Serenity Salon appeals the small claims court's award of attorney fees. Specifically, the salon challenges the reasonableness of the attorney fees. We review an award of attorney fees for an abuse of discretion. *Benaugh v. Garner*, 876 N.E.2d 344, 347 (Ind. Ct. App. 2007), *trans. denied*. The trial court has broad discretion in assessing attorney fees, and we will reverse only if the award is clearly against the logic and effect of the facts and circumstances before the court. *Id.*

[8] An award of attorney fees must be reasonable. *Cavallo v. Allied Physicians of Michiana, LLC*, 42 N.E.3d 995, 1002 (Ind. Ct. App. 2015). Rule 1.5 of the Indiana Rules of Professional Conduct sets out a number of factors for determining a reasonable fee, including:

> (1) The time and labor required, the novelty and difficulty of the questions involved, and the skill requisite to perform the service properly;

(2) The likelihood, if apparent to the client, that the acceptance of the employment will preclude other employment by the lawyer;

(3) The fee customarily charged in the locality for similar legal services;

(4) The amount involved and the results obtained;

(5) The time limitations imposed by the client or by the circumstances;

(6) The nature and length of the professional relationship with the client;

(7) The experience, reputation, and ability of the lawyer or lawyers performing the services; and

(8) Whether the fee is fixed or contingent.

*Id.*

[9]     Here, our review of the evidence reveals that this was a small claims court case regarding the violation of a two-page pre-employment contract. The complaint was a one-page long fill-in-the-blank form. There is no dispute that Pennington left the job eight months early and triggered the agreement's $2,500.00 penalty and attorney fee provisions. The hearing included two witnesses and generated a thirty-page transcript. It was a small case that should not have precluded other employment by the lawyer. No evidence was presented regarding the other factors.

[10] Based on this evidence, and in light of the small claims court's broad discretion, the $500.00 award of attorney fees is not clearly against the logic and effect of the facts and circumstances before the small claims court.

[11] Affirmed.

Bailey, J., and Crone, J., concur.