# MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Apr 02 2020, 7:56 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEYS FOR
APPELLANT/CROSS-APPELLEE

Alex M. Beeman
Reminger Co., L.P.A.
Indianapolis, Indiana

Randall D. Cloe
Cloe Legal, LLC
Carmel, Indiana

ATTORNEY FOR
APPELLEE/CROSS-APPELLANT

Karen Celestino-Horseman
Austin & Jones, P.C.
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Jeffery T. Gorham,

*Appellant/Cross-Appellee/Plaintiff,*

v.

Fazia Deen-Bacchus,

*Appellee/Cross-Appellant/Defendant.*

April 2, 2020

Court of Appeals Case No.
19A-PL-1193

Appeal from the Hamilton
Superior Court

The Honorable Michael A. Casati,
Judge

Trial Court Cause No.
29D01-1610-PL-8970

**Friedlander, Senior Judge.**

[1] Jeffery T. Gorham sued his former attorney, Fazia Deen-Bacchus, alleging she committed malpractice while representing him in a divorce case. The trial court granted summary judgment to Gorham as to liability and later awarded Gorham some, but not all, of the damages he requested. Gorham appeals, and Deen-Bacchus cross-appeals. We affirm in part, reverse in part, and remand with instructions.

[2] Dana Gorham ("Wife") and Jeffery Gorham ("Gorham") were married on December 18, 2009. On April 24, 2013, Wife petitioned for dissolution of marriage. Gorham hired Deen-Bacchus to represent him. On September 15, 2014, the court ("the dissolution court") ordered dissolution of the marriage and found Gorham and Wife's marital assets and debts ("the marital pot") as follows:

### Assets & Debts

| | Value | Debt | Net Value |
|---|---|---|---|
| **Vehicles:** | | | |
| 2002 Audi A4 | $4,500.00 | $0.00 | $4,500.00 |
| 2012 Toyota Prius | $16,404.00 | ($15,554.00) | $850.00 |
| **Bank Accounts, Cash, CD's, etc.** | | | |
| Schwab Checking #2828 | $975.00 | | $975.00 |

| | | |
|---|---|---|
| Smarty Pig Savings | $100.00 | $100.00 |
| Chase Checking #7693 | $27.00 | $27.00 |
| **Retirement, 401(k)s, IRAs, etc.** | | |
| Schwab Retirement Account (Guggenheim 401(k)) | $750.00 | $750.00 |
| Wells Fargo IRA | $89, 612.41 | $89,612.41 |
| **Obligations** | | |
| Nelnet | ($56,463.18)   ($56,463.18) | ($56,463.18) |

Appellant's App. Vol. II, p. 44.  The dissolution court concluded that Wife had rebutted the presumption of equal division of the marital pot and divided it as follows:

| | NET ASSET | DEBT |
|---|---|---|
| **WIFE** | | |
| 2012 Toyota Prius | $850.00 | |
| Wells Fargo IRA | $89,612.41 | |
| Less 37.5% of $49,963.18 | ($33,604.65) | |
| Net Marital Estate to Wife | $56,857.65 | |

**HUSBAND**

| | |
|---|---|
| 2002 Audi A4 | $4,500.00 |
| Schwab Checking #2828 | $975.00 |
| Smarty Pig Savings | $100.00 |
| Chase Checking #7693 | $27.00 |
| Schwab Retirement Account (Guggenheim 401(k)) | $750.00 |
| Wells Fargo IRA to Husband | $33,604.65 |
| Sub-total | $39,956.65 |
| Nelnet | ($56,463.18) |
| Net Martial Estate to Husband | ($16,506.53) |

*Id.* at 45. In addition, the dissolution court found that Gorham had accrued approximately $129,000.00 in student loan debt. Because Gorham had "far superior" economic circumstances to Wife and earned a salary more than twice that of Wife's, the dissolution court ordered Gorham to assume sole responsibility for his student loan debt. *Id.* at 43. On October 15, 2014, Gorham's counsel Deen-Bacchus mailed a copy of a motion to correct error to the dissolution court but did not file it until October 20, 2014. Gorham's motion to correct error was ruled untimely and dismissed by the dissolution court, a decision which was affirmed by this Court in a memorandum decision.

*Gorham v. Downing*, Case No. 29A02-1411-DR-803 (Ind. Ct. App. Jun. 4, 2015), *trans. denied*.

[3] On October 13, 2016, Gorham filed a complaint alleging that Deen-Bacchus had provided him negligent representation by failing to timely file the motion to correct error, and, as a result, Gorham was unable to challenge the property distribution ordered by the dissolution court.[1] On June 4, 2017, Gorham moved for partial summary judgment as to liability, which motion was granted by the trial court. On November 1, 2018, Gorham moved for summary judgment as to damages, which motion was denied by the trial court. On April 9, 2019, the trial court held a hearing regarding damages. On April 30, 2019, the trial court entered a final judgment in favor of Gorham, awarding him $18,877.20 in damages.

# 1. Direct Appeal Issues

[4] Gorham contends that the trial court erred: (1) by concluding that the dissolution court did not err in holding him responsible for the entire amount of his student loan debt without including the amount of his premarital student loan debt in the marital pot; and (2) in calculating Gorham's damages regarding the American Express card debt ("AMEX debt"). "Where the trial court enters specific findings of fact and conclusions *sua sponte*, we apply the following two-tiered standard of review: whether the evidence supports the findings, and

---

[1] The trial court refers to this order as the "Decree." Appellant's App. Vol. III, p. 206.

whether the findings support the judgment." *Fowler v. Perry*, 830 N.E.2d 97, 102 (Ind. Ct. App. 2005). These findings and conclusions will only be set aside if they are clearly erroneous, meaning the record contains no facts or inferences supporting them. *Id.* "A judgment is clearly erroneous when a review of the record leaves us with a firm conviction that a mistake has been made." *Id.* We consider only the evidence most favorable to the judgment and will neither reweigh the evidence nor assess witness credibility. *Id.*

## A. Student Loans

[5] Gorham contends that the trial court erred in determining that the dissolution court did not err by holding him responsible for the entire amount of his premarital student loan debt without including it in the martial pot. Pursuant to Indiana law, all property goes into the martial pot when dividing property in a dissolution proceeding, regardless of whether it was owned by either spouse prior to the marriage, acquired by either spouse in his or her own right, or acquired by the joint efforts of the spouses. *Thompson v. Thompson*, 811 N.E.2d 888 (Ind. Ct. App. 2004), *trans. denied*; *see also* Ind. Code § 31-15-7-4 (1997). This "one-pot" theory "specifically prohibits the exclusion of any asset from the scope of the trial court's power to divide and award." *Thompson*, 811 N.E.2d at 912. Although the trial court may ultimately decide to award an asset or debt solely to one spouse, it must first include the asset or debt in its consideration of the marital estate to be divided. *Id.*

[6] While we agree with Gorham that his premarital student loan debt should have been included in the martial pot, we conclude that any error that occurred could only be considered harmless. The dissolution court found, "[Gorham's] economic circumstance [sic] are far superior to [Wife's] in that [he] has a law degree; that his earnings are more than twice Wife's earnings. Having made that finding the Court is ordering [Gorham] to assume his Student Loan debt." Appellant's App. Vol. II, p. 43. Based on this finding, it is clear to us that the dissolution court intended Gorham to be held responsible for his entire student loan debt, and its decision to set aside the premarital loans rather than listing them in the marital pot is merely a distinction without a difference.

[7] Gorham also contends that the trial court failed to address the dissolution court's alleged error of awarding Wife an amount that exceeded the net value of the marital estate. A property division under Indiana Code section 31-15-7-4 cannot exceed the value of the marital *assets* without being considered an improper form of maintenance and an abuse of discretion. *Goodman v. Goodman*, 754 N.E.2d 595 (Ind. Ct. App. 2001). Here, the marital assets were valued at $96,814.41, and the dissolution court awarded Wife $56,857.65; therefore, her award did not exceed the value of the marital assets in violation of Indiana Code section 31-15-7-4.

## B. American Express Debt

[8] Gorham contends that the trial court erred in calculating his damages as to the AMEX debt. The trial court concluded that a Chase retirement account ("the Chase IRA") in the amount of $27,004.92 was an asset that should have been

included in the marital pot and divided by the dissolution court, and the AMEX debt in the amount of $1,505.00 likewise. In doing so, the trial court concluded:

> 9. Due to the errors made by the [dissolution] court as set forth above, it is not possible to determine the trial court's intent on a precise percentage split of the marital estate that the trial court intended. It is clear from the Decree that the trial court did find that Wife rebutted the presumption of an equal division of the estate, in her favor.

> 10. For purposes of determining damages to [Gorham], this Court will use a percentage split of 55 percent to Wife and 45 percent to [Gorham], as to the net amount. Accordingly, $27,004.92-$1,505 = $25,499.92 X .45 = $11,474.96 as damages for [Gorham] as to the Chase retirement account and American Express credit card.

Appellant's App. Vol. III, pp. 205-06. Gorham contends that the way in which the trial court subtracted the AMEX debt from the Chase IRA amount and then multiplied that net amount by forty-five percent incorrectly treated the AMEX debt as an asset rather than a debt. We agree with Gorham. Had the AMEX debt been included in the marital pot, as the trial court determined it should have been, Wife would have been responsible for fifty-five percent of the amount and therefore Gorham should have received damages in the amount of fifty-five percent of the AMEX debt. The trial court should have awarded Gorham damages as follows: forty-five percent of the Chase IRA equaling $12,152.21 and fifty-five percent of the AMEX debt equaling $827.75, added

together for a total amount of $12,979.69. Gorham has established that the trial court erred in this regard.

# 2. Cross-Appeal Issues

Deen-Bacchus contends that the trial court erred by awarding Gorham forty-five percent of a Chase IRA and attorney's fees as damages. An adverse judgment is one entered against the party defending on a given question. *Garling v. Ind. Dept. of Nat. Res.*, 766 N.E.2d 409 (Ind. Ct. App. 2002), *on reh'g*, *trans. denied*. In regard to the Chase IRA and attorney's fees, the trial court entered a judgment in favor of Gorham, the party who had the burden of proof; therefore, Deen-Bacchus cross-appeals from an adverse judgment. "When the trial court enters findings in favor of the party bearing the burden of proof, we will hold the findings clearly erroneous if they are not supported by substantial evidence of probative value." *Id*. at 411. "Even if the supporting evidence is substantial, we will reverse the judgment if we are left with a definite and firm conviction a mistake has been made." *Id*.

## A. Chase IRA

Deen-Bacchus contends that the trial court erroneously awarded Gorham damages in the amount of forty-five percent of a Chase IRA which was valued at $27,004.92. In doing so, the trial court concluded:

> 6. [Gorham] also contends the marital dissolution court improperly excluded a Chase retirement account in the amount of $27,004.92 from the marital estate and the ordered division of the marital estate. Although evidence of this asset was presented

at trial, the trial court did not address this asset in the Decree, which was erroneous. This asset was in Wife's name, so by failing to address this asset in the Decree, it was received by Wife in its entirety. It should be noted that [Deen-Bacchus] argued to this Court that there was no evidence presented at trial as to this asset, despite the record that each party to the dissolution action submitted to the [dissolution court] a signed and affirmed financial declaration which included the listing of this asset and its value. This Court does not agree with [Deen-Bacchus's] assertion that these financial declarations are not evidence. Also consider that Black's Law Dictionary defines "evidence" in part as, "any species of proof, or probative matter, legally presented at the trial of an issue, by the act of the parties and through the medium of witnesses, records, documents, exhibits, concrete object, etc., for the purpose of inducing belief in the minds of the court or jury as to their contention."

Appellant's App. Vol. III, pp. 204-05.

[11] The record indicates that evidence regarding the Chase IRA was admitted as exhibits at the final hearing before the dissolution court. Deen-Bacchus does not dispute this, stating, "[Deen-Bacchus] has not disputed there was evidence regarding the Chase IRA. What [Deen-Bacchus] has argued is that Wife presented the evidence regarding the Chase IRA and it was Wife who asserted the claim for total ownership of the Chase IRA." Appellee's Cross-Appeal Reply Br. p. 5. Moreover, in the untimely motion to correct error, Deen-Bacchus argued that the Chase IRA should have been included in the martial pot. Like Gorham's premarital student loans, we conclude that the Chase IRA should have been included in the marital pot. *See Thompson*, 811 N.E.2d at 888 (noting that the court shall include all property owned by either spouse prior to

the marriage in the marital pot before dividing the property in a dissolution proceeding). The trial court correctly decided that the dissolution court's failure to properly address the Chase IRA in its division of assets was erroneous.

[12] Deen-Bacchus contends, in the alternative, that if the trial court properly awarded damages for the Chase IRA, it erred in awarding forty-five percent rather than thirty-seven-and-one-half percent as the dissolution court did with the Wells Fargo IRA.[2] In awarding Gorham forty-five percent, the trial court reasoned:

> "[d]ue to the errors made by the [dissolution] court as set forth above, it is not possible to determine the [dissolution] court's intent on a precise percentage split of the marital estate that the [dissolution] court intended. It is clear from the Decree that the trial court did find that Wife rebutted the presumption of an equal division of the estate, in her favor."

Appellant's App. Vol. III, pp. 205-06. Given that the trial court correctly concluded that the Chase IRA and AMEX debt should have been included in the marital pot and was required to make a conjecture as to how the dissolution court would have split these amounts had they been included in its order, and that the dissolution court had determined that Wife had rebutted the presumption of an equal division of the marital pot, we cannot say that the trial

---

[2] It appears that both the Wells Fargo IRA and Chase IRA were inherited by Wife or funded by her inheritance.

court's decision to award Gorham damages in the amount of forty-five percent of the Chase IRA was clearly erroneous.

## B. Attorney's Fees

[13] Deen-Bacchus contends that the trial erred in awarding Gorham attorney's fees. An award of attorney's fees is within the sound discretion of the trial court and absent an affirmative showing of error or abuse of discretion we must affirm the trial court's order. *Woude v. 1st Midwest Bank*, 45 N.E.3d 847 (Ind. Ct. App. 2015). We review both the decision to award attorney's fees and the amount of the fees, which must be supported by the evidence. *Id.* "Indiana adheres to the American rule that in general, a party must pay his own attorneys' fees absent an agreement between the parties, a statute, or other rule to the contrary." *R.L. Turner Corp. v. Town of Brownsburg*, 963 N.E.2d 453, 458 (Ind. 2012). Indiana Code subsection 34-52-1-1(b) (1998) provides:

> (b) In any civil action, the court may award attorney's fees as part of the cost to the prevailing party, if the court finds that either party:
>
>> (1) brought the action or defense on a claim or defense that is frivolous, unreasonable, or groundless;
>>
>> (2) continued to litigate the action or defense after the party's claim or defense clearly became frivolous, unreasonable, or groundless; or
>>
>> (3) litigated the action in bad faith.

[14] Here, the trial court awarded Gorham attorney's fees in the amount of $7,402.42, which it found to have been incurred "as a direct result of [Deen-

Bacchus'] negligence." Appellant's App. Vol. III, p. 206. The trial court did not conclude that Gorham was entitled to attorney's fees under any of the listed exceptions to the American rule in Indiana Code subsection 34-52-1-1(b), and neither party contends that there was an agreement between the parties or that another rule to the contrary applies. The trial court's reasoning for awarding attorney's fees in this case runs in direct contradiction to the American rule, to which Indiana adheres. Therefore, the trial court abused its discretion in awarding Gorham attorney's fees.

[15] Regarding the issues on direct appeal, we conclude that the trial court erred by concluding that the dissolution court's decision to set aside Gorham's premarital student loans from the martial pot was within its discretion; however, said error was harmless. We also conclude that the trial court erred in its calculation of damages regarding the AMEX debt. Regarding the issues on cross-appeal, we conclude that the trial court's decision to award Gorham damages in the amount of forty-five percent of the Chase IRA was not clearly erroneous; however, it abused its discretion in awarding Gorham attorney's fees.

[16] Judgment is affirmed in part, reversed in part, and remanded with instructions for the trial court to award Gorham damages in the amount of forty-five percent of the Chase IRA and fifty-five percent of the AMEX debt and to vacate the award of attorney's fees.

Najam, J., and May, J., concur.